TOPPAN *et al.* *v.* TIFFANY REFRIGERATOR CAR CO.

*(Circuit Court, N. D. Illinois.    August 3, 1889.)*

PATENTS FOR INVENTIONS—INFRINGEMENT.
    If the owner of a patent-right which infringes another patent licenses others to use his device, and furnishes to his licensees and those constructing his articles plans and drawings requiring the use of the prior device, without procuring, or intending to procure, the consent of the owner of such prior patent, he is an infringer, and liable in damages.

In Equity.    Bill for infringement of patent.
Bill by James S. Toppan and others against The Tiffany Refrigerator Car Company, to restrain the infringement of letters patent and for an accounting.
*W. Zimmerman*, for complainants.
*F. A. Woodbury*, for defendant.

GRESHAM, J.    This suit was brought by the plaintiffs as assignees of letters patent No. 228,241, granted to Arnold W. Zimmerman on June 1, 1880, against the defendant as an infringer.    The patent describes and claims a device or mechanism for securely bolting or closing car and other doors, and for opening the same.    The validity of the patent is not disputed, and the invention need not be more particularly described.    The defendant is the owner of a number of patents for improvements in refrigerator cars, and the bill charges that the defendant has made, used, and

sold, and caused others to make, use, and sell, refrigerator cars supplied with the Zimmerman improvement. The alleged infringing device, in principle and mode of operation, is the same as the Zimmerman improvement. The real controversy in the case is one of fact. The evidence clearly shows that the defendant's licensees and others have appropriated the invention described in the plaintiffs' patent without right, and the only question is whether the defendant was a party to the trespasses. The defendant claims that since July, 1880, its sole business has been that of licensing others to use the improvements covered by its patents, which improvements relate to a refrigerator system, and have no connection whatever with the Zimmerman invention, or the running-gear, brakes, buffers, or car-couplings; and that, if any of the licensees have appropriated the Zimmerman device, they did it upon their own authority and responsibility, and that they alone are guilty as trespassers. The evidence, however, shows that, if the defendant did not own or use the refrigerator cars with the plaintiff's improvement attached to the doors, it furnished its licensees or car-builders with working plans and drawings of cars showing and requiring the Zimmerman device, and that this was done with no thought or expectation that the owner's consent would be obtained for such use. The usual decree will be entered in favor of the plaintiff.