NATIONAL MECHANICAL DIRECTORY CO et al. v. POLK et al.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1903.)

No. 825.

1. PATENTS—INFRINGEMENT—STATION INDICATORS.

The Pierce patent, No. 254,429, claims 1, 2, and 3, for a station indicator, consisting of a case provided with apertures covered with glass, in which is placed webs having printed matter on each side, and moved by means of drums and rollers actuated by suitable mechanism, for the purpose of displaying the printed matter beneath the glass plates on each side simultaneously, are infringed by an indicator which accomplishes the same purpose in the same manner, and differing only in the mechanism for moving the webs.

**2. SAME--SUIT FOR INFRINGEMENT--INJUNCTION.**

Where it was shown that infringing machines were made by a corporation under license from an individual defendant, based on a patent transferred to him by a second corporation by a contract requiring him to build and operate a certain number of the machines, both the individual defendant and the second corporation were so connected with the infringement as to be properly included in the injunction.

**3. SAME--EVIDENCE.**

Where the articles of incorporation of a defendant corporation declared that one of the purposes of its organization was "to own, manufacture, sell, and lease directory machines," without describing or specifying them, oral testimony of one of the incorporators was admissible to show that the machines meant were those for which a patent had been applied for by one of the incorporators, and the same as those which were alleged in the bill to infringe complainant's patent.

Appeal from the Circuit Court of the United States for the Southern District of California.

Walter F. Haas and Haas & Garrett, for appellants.

G. E. Harpham, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. Ralph L. Polk and Wm. E. Murdock, as owners of letters patent No. 254,429, issued December 28, 1886, to W. H. Pierce, for a station indicator, brought suit against the Los Angeles Modern Directory Company, the National Mechanical Directory Company, and Geo. W. Maxwell to enjoin them from infringing said letters patent. They obtained a decree as prayed for, and the two defendants last named have taken their appeal therefrom.

It is assigned as error that the court overruled the appellants' motion for a nonsuit at the close of the testimony taken for the appellees. We might treat the motion for a nonsuit as a motion to dismiss the bill as to said appellants if it appeared by the record that such motion had been made, but the record which is before us is silent upon that subject.

Error is assigned to several of the findings of the court, which we find it unnecessary to discuss, for the reason that it does not appear that such findings were made, or that they were involved in the conclusions which the trial court reached. Such, for example, is the assignment that the court held that the shifting mechanism contained in the appellants' machine was the mechanical equivalent of that described in the letters patent of the appellees. What the court found and held is set forth in the interlocutory decree. It was there adjudged that the Los Angeles Modern Directory Company had manufactured and used machines embodying the invention which is set forth in the appellees' letters patent, and covered by the first three claims thereof; "that the same were manufactured and used by the procurement and direction of the defendant Geo. W. Maxwell, and he was to participate in the profits of such manufacture; that the defendant the National Mechanical Directory Company since complainants' became the owners of said letters patent, and before the filing of the bill of complaint herein and within this district, have threatened to infringe upon the complainants' rights as secured to them under the first three

claims of said letters patent, and that complainants are entitled to an injunction against all of the defendants herein restraining and enjoining them from violating and infringing upon complainants' said rights under the first three claims of said letters patent." The patent which is the subject of the suit relates to an invention which is thus described by the inventor: "My invention relates to an automatic duplex indicator for the display of advertisements printed on one web, simultaneously to the display of names of stations, streets, places, or any other matter on both sides of another web." To accomplish this, he provides a web or strip of fabric, with drums and supporting rollers, so arranged that matter printed on both sides of the web can at will be so moved as to display the printed matter on both sides simultaneously in situations neighboring each other; and, second, to combine with this web a web which carries printed matter on one side only, and mechanism to operate both webs, in order to display simultaneously matter printed on one side of one web, and matter printed on both sides of another web, to be operated at will, move both ways simultaneously, and cause the printed matter on both sides of one of the webs to be carried beneath another glass to be viewed, and simultaneously to carry the printed matter on both webs out from view beneath said plates; and, third, to provide specific mechanism by which both webs may be moved simultaneously in both directions, at the will of the operator.

The first three claims which were held by the court to be infringed are the following: (1) In an indicator for display of printed matters for public advertisement of facts, the combination with web, D, having printed on its opposite surface sides, 1 and 2, matters, F and G, at suitable intervals, of the group of rollers, e, e, e, and drum, E, and group of rollers, e', e', e', and drum, E', all arranged substantially as described, whereby matters printed on both sides of the web are displayed at the same time in the same direction, and suitable mechanism under control of the operator for operating said drums alternately, substantially as and for the purposes set forth. (2) The combination, with a case provided with apertures covered with glass plates and web, D, connected at its opposite ends with drums, E, E', and having matters, F and G, printed on its opposite side surfaces, 1 and 2, at proper intervals, of rollers, e and e', arranged in groups and in relation to each other, and to the apertures and web and its drums, as described, and whereby the matter, F and G, will be simultaneously displayed beneath the glass plates when the web is moved, substantially as and for the purposes set forth. (3) The combination, with a case provided with viewing apertures of web, D, having printed matters, F and G, at intervals on its respective opposite side surfaces, 1 and 2, and having its opposite ends connected with drums, E, E', respectively, and rollers, e, e', arranged in groups in relation to each other and to the said apertures, drums, and web as above described, and mechanisms substantially as described, which are adapted to revolve the respective drums alternately for rolling said web on each, respectively, while it is being unrolled from the other, substantially as and for the purposes set forth.

The machine which was found to be manufactured and used in infringement of these claims has the same arrangement of drums, rollers,

and webs which are described in the appellees' patent, and is the same in all respects, with the exception of the nature of the printed matter thereon, and the specific mechanism for moving the webs in both directions at will. It is contended that infringement is avoided by reason of these differences. It is argued that the words, "substantially as and for the purposes set forth," which are found in the appellees' claims, are words of limitation, and restrict the appellees to the entire combination, including the mechanism described and illustrated in said letters patent. The purposes set forth in the appellees' patent are to display printed matter which is printed on both sides of a web simultaneously in situations neighboring to each other. It is not denied that this is done in the infringing machine. It is true that the shifting mechanism by which the travel of the web is produced in the machine which was found to infringe differs from that which is used in the appellees' patent. The former is conceded to be a mechanism which is more expeditious and efficacious than that which is described in the latter, but it accomplishes the same result. In none of the three claims which are the subject of the appeal is a precise mechanism described or claimed. All that is claimed is "suitable mechanism, under the control of the operator, for operating said drums alternately, substantially as and for the purposes set forth." The purposes set forth have been described. They do not indicate that the inventor limited himself to the use of a particular mechanism, although a particular mechanism is described and is claimed in other claims of the patent. If the appellees are entitled to the protection of the first three claims of their patent, and the court so held, and no exception has been taken thereto, they are clearly entitled to the use of any mechanism which will accomplish the result which is attained. There is no contention that by the state of the prior art the appellees are limited to the use of the described mechanism. Nor can it be said that the use to which the appellants devoted their machine is not covered by the claims of the appellees' patent. Their invention is not limited to the display of names of stations, streets, or places, but covers the display of "any other matter."

It is contended that the record fails to show that Geo. W. Maxwell was an infringer, or that evidence was offered to justify the equitable injunction against the National Mechanical Directory Company. It was admitted that the Los Angeles Modern Directory Company made the machine, which was found to infringe the appellees' first three claims, and that it made it under an agreement which had been made and entered into on May 24, 1900, between said Maxwell and that corporation. In that agreement it was recited that Maxwell had invented certain new and useful devices in mechanical directories for which he had applied for letters patent, and a list of his applications for patent was set forth, including that under which it was shown that the infringing machine was made, and that Maxwell transferred to the company said patent rights for the seven southern counties of California, except the city of San Diego. The agreement shows that Maxwell had undertaken to incorporate, inaugurate, and put into operation the proposed directory business, and he agreed to repay to the incorporators $5,000, which he acknowledged had been paid to him

by the incorporators for that purpose. The corporation bound itself to pay Maxwell 10 per cent. of the gross proceeds of the business until he should receive $10,000. Both parties agreed that that sum should be paid to the National Mechanical Directory Company, in pursuance of an agreement which had been made between that company and Maxwell on March 29, 1900, by which the corporation transferred to Maxwell the identical rights which Maxwell transferred to the Los Angeles Modern Directory Company, and for which Maxwell was to be paid $10,000 under the same terms of payment as were provided in the first agreement. In the second agreement Maxwell agreed with the National Mechanical Directory Company to commence operations within 60 days from April 1, 1900, and to have 800 mechanical directories in use and operation in the city of Los Angeles within nine months from that date. It thus appears that the manufacture of the infringing machine by the Los Angeles Modern Directory Company was by the procurement of and with the assent of the National Mechanical Directory Company. The articles of incorporation of that company declare that among the purposes of its incorporation are "to own, manufacture, sell, and lease directory machines, * * * and to do a general printing, publishing, indexing, advertising, and directory business." Maxwell was one of the incorporators. There is no specification in the articles as to the nature or description of the directory machines which were therein referred to. In order to show what machines were intended to be made and used, one of the incorporators was called as a witness for the appellees, and he testified that the intention of the incorporators was to manufacture the machines on which Maxwell had applied for a patent, and such as were subsequently manufactured by the Los Angeles Modern Directory Company, and that such a machine was one of the machines referred to in the agreement between Maxwell and the National Mechanical Directory Company. Error is assigned to the admission of this evidence, and it is contended that the same was incompetent, for the reason that no incorporator or stockholder can be permitted to testify what was the intention of the corporate body. But the evidence was not admitted for the purpose of showing what was the intention of the corporation. It was admitted for the purpose of explaining the language of the articles. The articles referred to the manufacture of directory machines, without describing or specifying them. It is evident that the incorporators had some particular machine in view. Such being the case, any witness who knew what was referred to was competent to testify as to that fact. Maxwell was properly enjoined as an infringer by reason of his connection with the two corporations. Robinson on Patents, § 897; Trent v. Risdon Iron & Locomotive Works, 42 C. C. A. 529, 102 Fed. 635; Toppan v. Tiffany (C. C.) 39 Fed. 420. And the National Mechanical Directory Company, having been shown to have been incorporated for the purpose of manufacturing these machines, was justly held to have threatened to infringe upon the appellees' rights as secured under the first three claims of their letters patent, and were properly enjoined.

The decree of the Circuit Court is affirmed.