## MOSELEY et al. v. UNITED STATES APPLIANCE CORPORATION.

### No. 11065.

Circuit Court of Appeals, Ninth Circuit.

April 23, 1946.

Rehearing Denied May 21, 1946.

Mellin, Aurich & Hanscom, and Oscar A. Mellin, Alfred C. Aurich, and Leroy Hanscom, all of San Francisco, Cal., for appellants.

Paul D. Flehr and John F. Swain, both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee (United States Appliance Corporation) sued appellants (Tomlinson I. Moseley, Ralph M. Keele and Keelmo Company) and Beauty Shop Supply Company Inc., hereafter called Beauty Shop, for infringement of a patent (No. 1,984,585) owned by appellee. Appellee's prayer was for an injunction and an accounting of profits and damages. Defenses were that the patent was invalid, and that, if valid, it was not infringed. Trial was had, and a decree was entered dismissing the suit. We affirmed the decree as to Beauty Shop and reversed it as to appellants.[1] We held that, as to Beauty Shop, the patent was invalid; that appellants were estopped from asserting its invalidity; that they had infringed it; that an injunction should be issued against them; and that an accounting should be had from them.

Our mandate was issued on December 3, 1941, and was filed in the District Court on December 6, 1941. On January 10, 1942, that court entered an interlocutory judgment which, in conformity with our mandate, directed that an injunction be issued against appellants, and that an accounting of profits and damages be had from them, and referred the case to a master to ascertain such profits and damages and to report the same to the court. The master heard evidence and on March 18, 1941, filed his report. Exceptions to the report were filed by appellants and by appellee. Appellants' exceptions were overruled. Some of appellee's exceptions were overruled, and some were allowed. Thereupon the court stated its findings and conclusions and on November 14, 1944, entered a judgment in favor of appellee for sums aggregating $12,186.13. From that judgment this appeal is prosecuted.

Appellee's patent was issued on December 18, 1934. Appellants infringed it by making, using and causing to be made, sold and used a device, hereafter called the infringing device, which Keele claimed to have invented after December 18, 1934. On December 13, 1935, Keele and Moseley agreed that Keele should "convey" to Moseley a one-half interest in the claimed invention (the infringing device) and should apply for a patent therefor, that Moseley should "finance" the patenting thereof, and that all profits derived therefrom should be divided equally between them. Pursuant to the agreement, Keele assigned to Moseley a one-half interest in the claimed invention on February 21, 1936, and applied for a patent on May 16, 1936. The assignment was filed in the patent office.

About the middle of 1936, Keele, acting for himself and Moseley, had an interview with Paul Rilling, president of Rilling-Arnao Company, showed Rilling the infringing device, showed him how it worked, and told him that he, Keele, had invented it. Thereby Keele sought to, and did, interest Rilling-Arnao Company in obtaining a license to manufacture and sell the infringing device.

On October 22, 1936, Keele and Moseley formed Keelmo Company, a California corporation. Keelmo Company was dominated and controlled by Keele and Moseley. They owned all its stock. They and their attorney were its directors. Moseley was its president, Keele its vice president. On November 29, 1936, Keele and Moseley assigned to Keelmo Company all their "rights, title and interest in, to and under" the claimed invention (the infringing device) and any patent which might be issued therefor.[2] The assignment was filed in the patent office.

On February 25, 1937, Keelmo Company and Rilling-Arnao Company made an agreement whereby Keelmo Company licensed Rilling-Arnao Company to manufacture and sell the infringing device. In consideration thereof, Rilling-Arnao Company paid Keelmo Company $2,500 and agreed to pay it specified royalties thereafter. Under that agreement, Rilling-Arnao Company manufactured and sold the infringing device and paid Keelmo Company royalties of $27,200.-17, which, with the $2,500 previously paid, amounted to $29,700.17. From other sources, Keelmo received "accountable profits" of $4,005, making a total of $33,705.17. Allowable deductions amounted to $10,532.91, leaving a balance of $23,172.26. The court concluded that appellee should recover of appellants "and/or either of them" $11,586.-13 (one-half of $23,172.26) and, in addition, should recover $500 of Keele and $100 of Moseley. Hence the judgment here appealed from.

---

[1] United States Appliance Corporation v. Beauty Shop Supply Co., 9 Cir., 121 F.2d 149.

[2] A patent for the infringing device was issued to Keele, as assignor to Keelmo Company, on January 16, 1940.

27

Appellants contend that "None of the acts of any of the appellants resulting in the execution of the license to Rilling-Arnao [3] either singly or collectively constitutes an act of infringement justifying an award against them or either of them." There is no merit in this contention. The acts of appellants which led up to and resulted in the execution of the license agreement included the acts of making and using the infringing device. These, obviously, were acts of infringement.

The act of licensing Rilling-Arnao Company to manufacture and sell the infringing device was itself an act of infringement.[4] In that act, all the appellants—Keele, Moseley and Keelmo Company—participated; for, though not named as parties to the license agreement, Keele and Moseley caused the agreement to be made. Keele, acting for himself and Moseley, commenced the negotiations which resulted in the agreement. Keele and Moseley formed Keelmo Company for the purpose of dealing with Rilling-Arnao Company.[5] They dominated and controlled Keelmo Company, were its officers, directors and only stockholders, made it their agent and instrument, used it to infringe appellee's patent, and profited by such use. Hence Keele and Moseley, as well as Keelmo Company, were liable as infringers.[6]

Appellants' brief states that "there is no charge or evidence of any dishonest motive, intent to accomplish a wrong or perpetrate a fraud in the formation of Keelmo [Company]." The statement is incorrect. The evidence shows that Keelmo Company was formed for the purpose of infringing appellee's patent by licensing the manufacture and sale of the infringing device.

Appellants say that "the corporation [Keelmo Company] and its stockholders [Keele and Moseley] must be treated as separate entities." They were so treated in this case. The court held—and correctly held—that the corporation was the alter ego of its stockholders,[7] but the court did not treat the corporation and its stockholders as a single entity. It treated them as three distinct entities and entered judgment against each of them.

Judgment affirmed.

---

[3] Meaning, obviously, the license agreement between Keelmo Company and Rilling-Arnao Company.

[4] National Mechanical Directory Co. v. Polk, 9 Cir., 121 F. 742; Toppan v. Tiffany Refrigerator Car Co., C.C.N.D. Ill., 39 F. 420; Ruth v. Stearns-Roger Mfg. Co., D.C.Colo., 13 F.Supp. 697, 714, affirmed in Stearns-Roger Mfg. Co. v. Ruth, 10 Cir., 62 F.2d 442; 3 Walker on Patents, Deller's Edition, § 437, p. 1649.

[5] Keele so testified.

[6] Hitchcock v. American Plate Glass Co., 3 Cir., 259 F. 948; Denominational Envelope Co. v. Duplex Envelope Co., 4 Cir., 80 F.2d 186; General Electric Co. v. Wabash Appliance Co., 2 Cir., 93 F.2d 671; Southwestern Tool Co. v. Hughes Tool Co., 10 Cir., 98 F.2d 42; General Motors Corp. v. Provus, 7 Cir., 100 F. 2d 562; Dean Rubber Mfg. Co. v. Killian, 8 Cir., 106 F.2d 316.

[7] See Imperial Paper & Color Corporation v. Sampsell, 9 Cir., 114 F.2d 49, 52, and cases there cited.