**RONSON CORPORATION, a corporation, and La Nationale S.A., a corporation, Plaintiffs,**

v.

**MARUMAN OF CALIFORNIA, INC., a corporation, William Vaughn Slocum, J. Samuel Park and Edward P. Howard, Defendants.**

No. 62–1522.

United States District Court
S. D. California,
Central Division.

Oct. 24, 1963.

---

Gustave L. Goldstein, Beverly Hills, Cal., Ward, Neal, Haselton, Orme & McElhannon, by Lewis H. Eslinger, New York City, Arthur O. Klein, New York City, of counsel, for plaintiffs.

Gerald M. Condon, Santa Monica, Cal., Warren T. Jessup, Hollywood, Cal., of counsel, for defendants.

CRARY, District Judge.

Plaintiffs Ronson Corporation, a corporation, hereafter referred to as Ronson, and La Nationale S.A., a corporation, hereafter referred to as La Nationale, seek permanent injunction restraining defendants from, in substance,

(1) Manufacturing, selling or advertising or offering for sale any "adapter" or other device purporting to accommodate Ronson refueling accessories to defendants' gas fueled lighters.

(2) Infringing United States Letters Patent No. 2,571,435, No. RE 24,163 and No. 2,882,940.

(3) Manufacturing, selling or advertising or offering for sale any gas fueled lighters having arbitrary appearance now employed by Ronson gas fueled lighter designated as its "Varaflame Premier" gas lighter, likely to cause confusion or mistake or to deceive purchasers as to the source or origin of such goods.

(4) Infringing Trademark Registration No. 710,111 of Ronson covering the trademark "Multi-Fill" and unfair competition on part of defendants by their use of the name "Multi-Refill" on defendants' gas fuel injectors and in sale of Varaflame Premier lighters.

Plaintiffs further seek order requiring that defendants deliver up for destruction all lighters, gas fuel injectors and other things in possession or control of defendants which have been wrongfully employed to injure Ronson, and for an accounting and damages against each of the defendants for patent infringement, trademark infringement and unfair competition, and for other relief as set forth in the prayer to plaintiffs' second amended complaint.

On January 28, 1963, this court issued its order granting preliminary injunction in the within matter enjoining defendants, their agents, officers and so forth, in substance, from manufacturing, selling, or in any way dealing in gas injectors for refueling gas lighters not manufactured by Ronson and having thereon the name "Multi-Fill" or "Multi-Refill", or using those words in any display or advertising of such gas injectors.

It is the contention of plaintiffs that defendants be held individually liable for all damages by reason of their alleged wrongful acts of infringement and unfair competition and on the further grounds that said defendants did incorporate defendant Maruman of California, Inc., for the purpose of importing infringing Japanese gas lighters and refueling injectors with knowledge or constructive knowledge that they did infringe the patents and trademark described hereinabove.

The patents assertedly infringed are those referred to in the case as

(1) The Flamm Patent, No. 2,571,-435, for "Gas Fueled Cigar Lighter" issued October 16, 1951, held entitled to filing date of application as of February 5, 1949.

(2) The Zellweger Reissue Patent for "Valves For Filling Pyrophoric Lighters For Liquefied Gas" issued on June 5, 1956, said Reissue Patent being a reissue of United States Letters Patent No. 2,710,-506 issued June 14, 1955. It is stipulated that the subject matter disclosed and claimed in the Reissue Patent is entitled to the filing date of a corresponding patent application filed in Switzerland on March 17, 1952.

(3) The Zellweger Patent No. 2,882,-940 for "Filling Valves For Liquefied Gas Lighters" issued on April 21, 1959, and entitled to filing date of corresponding patent application filed in Switzerland on August 28, 1954.

■ Defendants urge that all of said patents are invalid by reason of no invention over prior art and that there is no infringement of said patents by Maruman I lighter (Pltfs.' Ex. 32) and Maruman II lighter (Pltfs.' Ex. 32A). The court concludes that although the Flamm patent is a "paper patent" and the elements in the patented device therein are in the prior art, the said patent does involve a new and novel result in that it is the first automatic gas lighter and the benefit resulting therefrom was never before attained. The prior art did not teach how a combination thereof could result in the device in the Flamm patent. It appears to the court that the most relevant of the prior art appears in the Quercia Patent (Pltfs.' Ex. 15) and the Aronson Patent (Defts.' Ex. O). The Flamm Patent is held to be valid. The court further finds that both Maruman I and Maruman II automatic gas lighters infringe the Flamm Patent, particularly with respect to Claim 8 thereof.

■ Reissue Patent No. 24,163, referred to above, for "Valves For Filling Pyrophoric Lighters For Liquefied Gas" involves a device which made possible the refueling of.a gas lighter at any time and at multiple times without first emptying the lighter and with no danger of overfueling. It provided for venting to the atmosphere and allowed for instant refueling.

Defendants contend that the Reissue Patent is invalid because it involved a new invention and that it did not patent the same device as in the said original patent.

The court finds that the Zellweger original patent is a pioneer patent and that the Reissue Patent was applied for by reason of the fact that through mistake the application for the original patent and the patent issued thereon did not fully protect the device. It does not appear to the court that the Reissue Patent was necessary to cover the rotary function of the injector to open the valve. This function was covered within the scope of the claims in the original patent No. 2,710,506 (Part of Pltfs.' Ex. No. 30). The court concludes that the Reissue Patent is entitled to broader coverage as a pioneer patent and that it differed from the original patent only in that it included additional claims which were within the scope of the original patent.

As to the infringement of the Reissue Patent by the Maruman valve, the court finds that said Maruman valve infringes claims 9, 10 and 12 of the Reissue Patent.

■ The Zellweger Patent No. 2,882,-940 is sometimes referred to as the Zellweger Improvement Patent. The patented device eliminated the necessary operations of refueling involved in the Reissue Patent device. In refueling the Reissue device it is necessary to insert the injector in the socket of the valve, turn it to open the valve, accomplish the refueling, close the valve by turning the injector back to the joint of beginning and then withdraw the injector. If the injector was withdrawn without closing the valve the gas in the fuel container of

the lighter would escape. The 940 patented device eliminated the rotary motion of the injector to open and close the valve and provided for it being opened and closed by a sliding linear motion of the injector on the movable part in the valve which was controlled by a spring. It also provided for a venting of the air or gas in the gas container of the lighter to the atmosphere before the refueling.

The court therefore finds that the 940 patent involves a new combination of elements which accomplish a new function. There is no satisfactory showing of how prior art could be modified to create the device patented in the said Zellweger 940 patent. Said patented device filled a need which prior art had been unable to satisfy effectively and the patent is not invalid for want of invention. See Twentiers Research, Inc. v. Hollister, Inc., 319 F.2d 898 at 901–902 (1963, 9th Cir.). The court concludes from the evidence that the Maruman valve infringes Claims 1, 2 and 4 of the Zellweger Patent No. 2,882,940.

■ The Trademark Registration No. 710,111, covering the trademark "Multi-Fill", was issued to Ronson January 24, 1961, pursuant to application filed July 17, 1959. The court finds that defendants Howard and Slocum, a partnership, entered into an agreement with Maruman of Japan to purchase Maruman lighters and lighter fuel injectors from said Maruman Company of Japan on or about August, 1962. The said individual defendants and others did cause defendant Maruman of California, Inc., a corporation, to be incorporated in September of 1962 and that thereafter the said Maruman lighters and fuel injectors were advertised and offered for sale and sold in this country in substantial numbers by said defendant corporation between September, 1962, and November, 1962, the period of alleged infringement. Said defendant did market the packaged lighter fuel and injector containing same as "Multi-Refill". The court further finds that the use of the name "Multi-Refill"

on the said fuel injector is likely to confuse and deceive the public, that the term "Multi-Fill" as used and advertised by plaintiff Ronson has acquired secondary meaning and has become identified with said plaintiff and it is likely that irreparable injury will result to said plaintiff if permanent injunction be not granted.

It is the finding of the court that the said Registered Trademark of Ronson No. 710,111, covering trademark "Multi-Fill", has been infringed as a result of the facts set forth above and the defendants use of the name "Multi-Refill" as noted above constitutes unfair competition.

The agreed facts as set forth in the Pre-trial Order are made a part of this Opinion including the assignment to Ronson of the Flamm Patent, assignment to La Nationale of the Zellweger Reissue Patent and assignment to La Nationale of the Zellweger Patent No. 2,882,940. The court also finds that La Nationale has duly licensed Ronson to manufacture and sell the patented devices in both of the last named patents since January, 1956.

Plaintiffs have supported their allegations of wilful and fraudulent unfair competition re the Varaflame Premier lighter with evidence of a survey performed by four interviewers in the Los Angeles area involving interviews with some five hundred persons relative to a Varaflame Premier lighter and a Maruman lighter. The names of the lighters and their manufacturers were covered with tape in all instances. (Pltfs.' Exs. 46 to 62, inclusive.) The results of the said survey as set forth in the survey report (Pltfs.' Ex. 54) together with other evidence in the case leads the court to find that the name Ronson has acquired a secondary meaning in the field of automatic gas lighters and that the public is likely to be deceived and confuse the Maruman lighters with the Varaflame Premier lighter of Ronson as well as the source or origin of the Maruman lighters and that the sale, advertising and offering for sale of said Maruman

lighters constitutes unfair competition with the Ronson Varaflame Premier lighter. With respect to defendants' contention that the shape of the Ronson Varaflame Premier lighter was "functional", the court finds that the shape of said lighter was not functional.

 Plaintiffs seek to hold defendants William Vaughn Slocum, J. Samuel Park and Edward P. Howard individually for the damages which may have resulted to plaintiffs herein by reason of the patent and trademark infringements and unfair competition found as set forth hereinabove. The individual defendants, plaintiffs urge, formed Maruman of California, Inc., a corporation, in September, 1962, for the purpose of avoiding individual liability for the importation and sale of Maruman lighters and Multi-Refill fuel injectors and that said defendants knew or should have known that such importation and sale would infringe plaintiffs' patents, Ronson's trademark "Multi-Fill" and constitute unfair competition. Howard and Slocum, who originally had been partners, incorporated as Howard & Slocum, Inc., in the Spring or Summer of 1962. In August said corporation entered into an agreement or agreements with Maruman Co., Ltd. of Japan for the purchase of Maruman lighters and fuel injectors bearing the name "Multi-Refill." Defendant Maruman of Calfornia, Inc., was incorporated in September, 1962. On or about August 30, 1962, Howard & Slocum, Inc., by James Hisatomi made inquiry (Pltfs.' Ex. 65) of Maruman Co., Ltd., of Japan re a statement in the Ronson yearly report with respect to four firms in Japan infringing Ronson patent rights. A complete report was sought of Maruman of Japan as to its patent rights pending application in this country. It is also noted that Hisatomi, in the above mentioned communication, observes "We have been questioned by many firms on this respect * * *," referring to possible infringement. On September 17th Maruman Co., Ltd. of Japan made reply to Howard & Slocum, Inc., (Pltfs.' Ex. 66)

advising that their Maruman gas lighters "are based on different mechanism from other branded gas lighters, and there could be no troubles with those manufacturers and/or distributors in your country. Actually, a few manufacturers of gas lighters in Japan have been claimed for infringement on patents owned by Ronson Co. of your country, but this fact does not mean anything to our products." With Ex. 66 Maruman of Japan transmitted the opinion of a Japanese lawyer relative to some twenty-one United States Letters Patent owned by Ronson with respect to their effect on the Maruman lighter and by said opinion Howard & Slocum, Inc., were advised that it need have "no fear of possible infringement of the Maruman's products upon those U. S. patents of Ronson Corporation enumerated above." Although the opinion states that after careful investigation the United States patents issued and owned by Ronson were enumerated therein, the patents in the within action were not listed.

Defendant Slocum testified that Maruman of California was incorporated by the individual defendants and others who were strangers to said defendants to limit any possible liability of the individual defendants as to other incorporators with whom they were engaging in business in the importing and sale of Maruman lighters and fuel injectors as well as other products, such as watch bands, and so forth, which Slocum testified the defendant corporation planned to import for sale in the United States. The planned expansion of the defendant company's business, Slocum stated, would have been accomplished but for the filing of the pending action on November 19, 1962, and that by reason thereof defendant corporation did not have an opportunity timewise to develop other lines. The officers of the defendant corporation were defendant Slocum, President, defendant Park, Vice President, and defendant Howard, Secretary-Treasurer. The evidence does not disclose the names of the Directors but does indicate that the

individual defendants were not the sole stockholders.

As stated by the California Supreme Court in Stark v. Coker, 20 Cal.2d 839, 129 P.2d 390 (1942), cited by defendants:

> "The two requirements are that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and that adherence to the fiction of separate existence would, under the circumstances, promote fraud, or injustice."

It is true the individual defendants did not take the precautions re possible infringements of patents involved that in the opinion of the court would have been taken by an astute business man or his lawyer, but having in mind all the circumstances and the fact the field of patents is puzzling to the average layman, the court concludes that the individual defendants may not be held liable for damages in this case. Wilful and deliberate wrong or fraud is not found.

Moseley v. United States Appliance Corp., 155 F.2d 25 (1946, 9th Cir.), so strongly relied on by defendants in the instant case, involved an action wherein the court found that the defendants therein were individually liable for damages for patent infringement despite the fact that they had formed the Keelmo Company, a corporation, and assigned all rights, title and interest in, to and under the claimed invention to the corporation. The court states, 155 F.2d at page 27 of the opinion, referring to the defendants:

> "They dominated and controlled Keelmo Company, were its officers, directors and only stockholders, and made it their agent and instrument, used it to infringe appellee's patent, and profited by such use. Hence Keele and Moseley, as well as Keelmo Company, were liable as infringers.
>
> " * * * The evidence shows that Keelmo Company was formed for the purpose of infringing appellee's patent by licensing the manufacture and sale of the infringing device."

The court does not conclude that the defendant corporation in the case at bar was formed for the purpose of infringing Ronson's patents or with the intent of engaging in unfair competition with plaintiffs or either of them.

The California District Court of Appeal in the case of Visser v. Macres (March 20, 1963) 214 A.C.A. 264, held at page 270 of the opinion, 29 Cal.Rptr. 367 at page 371:

> " * * * that a business practice may be unfair even though not inspired by fraudulent intent; and that the subsequent use of a business name which previously has acquired a secondary meaning will be enjoined if a natural consequence of that use may be to deceive or confuse the public, even though no actual intent to defraud is present."

Based on the foregoing analysis of the facts as found by the court in the case at bar and the authorities governing same, the court concludes that the defendant has infringed plaintiffs' patents numbered and described hereinabove, and the court further concludes that the defendants' activities as outlined hereinabove constitute unfair competition and that plaintiffs are entitled to injunctive relief as provided in paragraphs of their prayer, as follows: 5, 6, 7, 8, 8(c), 8(d), 8(e), 8(f), 8(g), except that there should be stricken from paragraphs 8(c), 8(d), 8(e), 8(f) and 8(g) the following: "impounded during the pendency of this action and to be." The individual defendants shall not be held liable for damages.

If the plaintiffs desire to be heard on the matter of damages their counsel should promptly make request of the court clerk for a hearing date agreeable to defendants' counsel. If there is to be no further hearing relative to damages then plaintiffs' counsel is requested to forthwith prepare Findings of Fact, Conclusions of Law and Judgment in accordance with the provisions of Rule 7, as

amended, of the Local Rules of this court. The Judgment shall be a separate document.

This Memorandum Opinion is not to be deemed a final Judgment.