TRENT v. RISDON IRON & LOCOMOTIVE WORKS.

(Circuit Court of Appeals, Ninth Circuit.    May 14, 1900.)

No. 554.

1. PATENTS—INFRINGEMENT—ORE CRUSHERS.
    The Schierholz patent, No. 538.884, for an ore crusher (claim 4), covers a novel combination of mechanical devices, all of which, however, were old in the art; the principal features of the combination being a fixed, vertical central shaft, about which the mechanism which drives the crushing rollers revolves, and having upon its upper end journal boxes; a horizontal shaft turnable in such journal boxes, and carrying a pinion wheel, by means of which the power is transmitted through a gear wheel which turns loosely upon the central shaft, and a flexible connection intermediate between such gear wheel and the crushing rollers, by which they are driven. Such claim is not infringed by the machine known as the "Bradley Mill," which lacks several of the features of such combination, and uses instead devices shown in the prior Yeaton patent. But the machine known as the Bingham or Trent mill embodies all the essential features of such claim, and infringes.

2. SAME—CONTRIBUTORY INFRINGEMENT.
    A member of a firm which made the plans for, and superintended the construction and erection of, an infringing ore-crushing mill, receiving therefor a commission on its cost, is liable as a contributory infringer.

Appeal from the Circuit Court of the United States for the Northern District of California.

For opinion below, see 92 Fed. 375.

N. A. Acker and William F. Booth, for appellant.

M. A. Wheaton and I. M. Kalloch, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The appellee, as the assignee of letters patent No. 538,884, issued on May 7, 1895, to August H. Schierholz, of San Francisco, for improvement in ore crushers, brought suit against the appellant, alleging infringement of said letters patent. The circuit court entered an interlocutory decree adjudging that the letters patent were valid, and that the appellant had infringed the same, and enjoining and restraining him from further infringement. From that decree this appeal is taken. The following are the drawings of the crusher:

Fig. 3.

Fig. 4.

Fig. 5.

The improvement which is covered by the appellee's letters patent consists of a circular vessel called an "annular pan," A, having in its bottom dies, C, which form a circular track upon which the heavy rollers, D, travel to crush the ore. The rollers have shafts or axles, E, which are journaled in bearings, F and G, which bearings are on a circular plate or table, H. The table, H, in rotating, carries the rollers. A shaft, I, rises from the center of the bottom of the pan, in which it is immovably fixed, and passes through the hole in the table, H, which hole is made considerably larger than the shaft, in order to permit the table, H, to tilt, and to let the rollers ride over inequalities in the mass of ore which they crush. To the top of the central fixed shaft is fastened securely a support flange, Q, which carries boxes, $R^1$, in which a horizontal shaft, R, is journaled; said shaft being rotated by pulleys. Upon the horizontal shaft a pinion, S, is fixed, which meshes with the gear wheel, L, which is mounted on the central shaft, I, just below the support flange, Q. The gear wheel is made to rotate on the shaft, I. It has a base extension, $L^1$, called a "frame" or "carrier," to which are secured two stout pins, N, which extend downwardly into ball sockets, O, P, fixed to the table, H, and in which ball sockets the pins slip up and down. By rotating the gear wheel, its base frame, $L^1$, carries the pins around, and these rotate the table, H, which carries the rollers. In passing over inequalities in the surface of the ore, the table, H, will tilt without affecting the driving mechanism. The patentee, in his specification, says:

"My invention consists of the novel means for driving the rolls, and allowing for irregularities of movement caused by the ore over which the rolls pass, without interfering with the vertical shaft or its gears and connections"

Claim 4 of the patent is the only one that is in issue. It reads as follows:

"In a rotary crusher, having an annular pan and dies, and rollers propelled and traveling upon the dies, a fixed, vertical central shaft, journal boxes fixed and supported thereon, a horizontal shaft turnable in said boxes, and carrying a pinion through which power is transmitted, a gear wheel turning loosely upon the fixed shaft and engaging the pinion, and mechanism intermediate between the gear and the crushing rollers, by which they are driven."

In order to determine what is covered by this claim, it becomes necessary to consider the state of the prior art. On February 7, 1882, W. E. Harris received letters patent No. 253,476, for an ore-grinding mill. It is a low, compact form of mill, in which the driving mechanism and the crushing mechanism for the ore are supported by a common frame. The machine has a lower stationary pan, above which revolves a grinding pan, which is secured to a central shaft. To the upper portion of the shaft is keyed a bevel-gear wheel, which meshes with a pinion mounted on a horizontal shaft in journal boxes which are secured to the upper portion of the frame. The central shaft revolves; its lower end resting upon a vertical screw which rises from the center of the pan, whereby a vertical adjustment of the revolving shaft is obtainable. We find in this patent a self-contained type of ore crusher, a vertical central revolving shaft with a gear wheel thereon, a horizontal shaft turnable in journal boxes, and carrying a pinion through which power is transmitted, and mechanism intermediate between the gear and the crushing device for propelling the same. On April 1, 1884, letters patent issued to J. C. Wiswell (No 296,096) for an improved ore crusher. The Wiswell mill has the annular pan, and the crushing rollers which travel therein. Each roller is mounted upon an axle, and the axles have their outer bearings in a horizontal rotating table. The outer end of each axle is flexibly held in its bearings by means of a spring which is placed below the table, and forms an elastic connection between each crushing roller and the table, and permits each roller to rise and fall without imparting its vertical motion to the table, or to the driving mechanism of the mill. The carriage is mounted upon a central shaft, which is driven by a gear wheel mounted upon its upper end, and meshing with a pinion mounted upon a horizontal shaft, which is turnably secured in bearings supported by a horizontal beam. We next come to the J. H. Yeaton patent, No. 455,677, of date July 7, 1891. This invention contains the circular pan having an annular die upon which travel the crushing rollers. From the center of the pan rises a short, fixed central shaft, which supports a rotating shaft or spindle upon the upper end of which is secured a gear wheel, which meshes with, and is driven by, a pinion mounted upon a horizontal shaft turnably secured in bearing boxes. Upon the rotating spindle, near its lower end, is splined a sleeve, and to this sleeve the inner end of each journal, which carries the crushing rollers, is movably or slidably secured, whereby a flexible connection between the driving mechanism and the crushing rollers is obtained; and each crushing roller is permitted to rise and fall over inequalities of the surface of the ores without affecting the other rollers, or imparting its vertical motion to the

driving mechanism. The appellee's assignor, A. H. Schierholz, was himself the patentee of two improvements in ore crushers, which are among the inventions which constitute the prior art. On September 15, 1891, he secured letters patent No. 459,657. The invention was described as an improvement upon the Bryan ore crusher, and it consists in so connecting the crushing rollers of the Bryan mill "as to prevent binding thereof when thrown upward by unusually large pieces of ore, which has heretofore been the objection to crushers of this class." It contains the circular pan, in the center of which is securely keyed a shaft which rises as high as the axles of the rollers. Upon the shaft, and near its top, is a sleeve or ring which has its outer surface convex, and upon which move laterally extending arms which hold the axles of the grinding rollers. The contact of these arms with the convex outer surface of the sleeve is by a concave surface which turns upon the same for the purpose of permitting the vertical movement of the rollers to accommodate itself to inequalities of the surface of the material to be crushed. Above the rollers is a driving pan or wheel placed horizontally, which is provided with a downwardly extending wall securing it to the laterally extending arms which carry the axles of the rollers. The pan or drive wheel is rotated by a power belt. In the Bryan ore crusher there was a rigid connection between the crushing rollers and the horizontal table which carried the same. Its defect was a tendency to bind upon the fixed central shaft when the rollers were thrown upward. It was this defect that Schierholz attempted to remedy in his first patent. On December 17, 1895, he secured letters patent No. 551,560, for an improved ore crusher, upon an application which he had made in 1893 for an invention which was prior in time to the invention covered by the letters patent in controversy in this suit. It was an ore crusher having an annular pan, a central rotating shaft, a gear wheel secured thereon at the upper end, a horizontal shaft with a pinion meshing with the gear, a horizontal table fitted so loosely around the central shaft as to permit it to tilt and lower automatically without touching the central shaft, journals secured in the table, and crushing rollers mounted thereon and carried by the rotation of the table. To propel the table a hub was secured upon the central shaft, provided with laterally extending arms, the outer ends of which worked in vertical guide ways which extended upwardly from the horizontal table. From this review of the condition of the prior art, it will be seen that the appellee's invention, as represented in claim 4, consists in a novel arrangement of mechanical devices, all of which had been used before in ore crushers.

It is contended that the appellant has infringed the patent in controversy by constructing two types of quartz mills,—one which is known in the record as the "Bradley Mill," and another which is designated the Bingham or Trent mill. The Bradley mill, in common with all the mills of this class, has the pan and the circular die upon which the rollers travel. From the center of the pan rises a shaft which has no rotary motion, but which is capable of vertical adjustment by a screw upon which it rests at its base. The shaft extends as high as the top of the rollers. Around it revolves a table having boxes in

which the axles of the rollers are mounted in such a manner that each roller can move vertically in its axle bearing, and rise and tilt without disturbing the horizontal table. The table is secured to the lower end of a rotating spindle or shaft which rests upon and revolves upon the top of the nonrotating shaft. Upon the upper end of the rotating spindle is secured a gear wheel, with which meshes a pinion on a horizontal shaft, which has journal boxes or bearings in overhead beams of the frame of the mill. The Bradley mill, although it has a nonrotating shaft, has not the "fixed, vertical central shaft" of the appellee's invention. It has not a fixed, vertical central shaft extending from the base of the mill to the top or to the gear wheel, nor has it a fixed, vertical central shaft on which journal boxes for the horizontal shaft are fixed or supported. It has not a gear wheel turning loosely upon a fixed central shaft. It lacks these features of the appellee's fourth claim. It resembles the Yeaton invention more than it does that of the appellee. It is, indeed, substantially the Yeaton mill, so far as the features covered by the appellee's fourth claim are concerned. The Yeaton patent anticipates it in every essential point which is involved in the present suit. In both mills the journal boxes for the horizontal shaft are supported, not upon the fixed central shaft, but upon the overhead beams of the mill. The differences between them are—First, in the length of the fixed central shafts (a difference in form only); and, second, in the mechanism intermediate between the gear and the crushing rollers by which the latter are driven (a difference which is unimportant, whether the appellee's claim for mechanism intermediate between the gear and the crushing rollers by which they are driven be given a broad construction or a narrow one). Conceding it a broad construction, so that it shall be said to cover any form of intermediate mechanism between the gear wheel and the crushing rollers by which the latter are driven, then, if it be true, as contended by the appellee, that every element of the appellee's fourth claim is found in the Bradley mill, it follows that every element is likewise found in the Yeaton mill, and that the whole of the appellee's invention is anticipated by the Yeaton patent. If, on the other hand, the appellee's claim for intermediate mechanism be given a narrow construction, and the claim is confined to the particular form of intermediate mechanism which is described in the letters patent, it is equally clear that the Bradley mill avoids infringement, for the reason that its intermediate mechanism is wholly different from that of the appellee.

We think, however, that the Trent or Bingham mill infringes claim 4 of the appellee's patent. It has, in common with the patent sued upon, a central, nonrotating shaft, journal boxes fixed and supported thereon, a horizontal shaft turning in said boxes, a gear wheel turning loosely on the central shaft, and flexible mechanism intermediate between the gear wheel and the crushing rollers, by which they are driven. It is said that it differs from the ore crusher of the appellee in the fact that its central shaft is not firmly fixed in its place, but rests upon a screw at its base, whereby it may receive vertical adjustment, and in the further fact that the elastic connection permitting the rollers to ride over inequalities in the surface of the ore to be

102 F.—41

crushed is located between the rollers and the table which carries the same, whereas in the appellee's patent the elastic connection is between the table and the gear wheel. These differences do not, we think, affect the question of infringement. The central shaft is not the less a fixed central shaft from the fact that it rests upon a screw whereby it may be adjusted. For all the purposes of the fourth claim of the appellee's patent, it is a fixed shaft,—as much so as it would be if it were keyed to the base of the pan. Nor do we perceive any reason why the element of the claim which covers "mechanism intermediate between the gear and the crushing rollers, by which they are driven," should be construed narrowly, or otherwise than according to its terms. When so construed, it must be held to cover the form of such intermediate mechanism which is found in the Bingham mill. All the other elements of the claim are precise and definite, and it may be conceded that, in view of the prior art, none of them can be so extended as to include more than their terms, strictly construed, imply. But, while all the elements of the appellant's patent may be found singly in the ore crushers which preceded it, the appellee's invention was in its combination a distinct departure in the art. It was a low, self-contained type of mill, of which all the operative parts were fixed upon or revolved about a fixed vertical central shaft. Schierholz was the first to combine with such a fixed central shaft journal boxes fixed to the upper part thereof for the horizontal shaft, a gear wheel revolving loosely thereabout, and mechanism intermediate between such gear wheel and the crushing rollers, in connection with a mortar and annular dies; and we think his assignee is therefore entitled to claim, in combination with the other elements, any intermediate mechanism flexibly connecting the gear wheel with the crushing rollers so as to drive the same. The evidence discloses the construction of but one mill of the type known as the "Bingham Mill." The appellant denies that his connection with the erection thereof was such as to render him liable for the infringement. He asserts that he acted solely in the capacity of architect and contractor for and on behalf of the owner, J. C. Hodge, of Houghton, Mich., and that Hodge made the castings for the mill at his own foundry in Michigan. The testimony shows that the appellant was a member of the firm of L. C. Trent & Co., and that his firm furnished the plans for the mill, which was erected at the North Last Chance Mine, at Bingham, Utah, and furnished the plans for the castings, which were made by Hodge, and placed the machinery in the mill and fitted it up for operation. It is shown, also, that the firm received as compensation for such services a percentage upon the cost of the material and labor supplied. Hodge testified that, before accepting the plans and specifications from the appellant, he demanded, and the appellant promised him, protection against any suit for infringement. This is denied by the appellant. Taking, however, all the testimony into consideration, we find no reason for questioning the correctness of the conclusion which the circuit court reached upon this branch of the case, holding that the appellant was "an active contributor to the infringement." We think the decree was erroneous in adjudging that appellant had infringed the appellee's patent by constructing the Bradley mills, and in requiring

him to account for the gains, profits, and advantages which he had received therefrom. The cause is remanded to the circuit court, that the decree may be modified in accordance with these views.