Earle W. JONES, Plaintiff,

v.

RADIO CORPORATION OF AMERICA, Columbia Records, Inc., Columbia Broadcasting System, Inc., Union Carbide and Carbon Corporation, and Fairchild Recording Equipment Corporation, Defendants.

United States District Court
S. D. New York.
April 26, 1955.

See also 129 F.Supp. 440.

---

18. Section 6532(a) (1), Internal Revenue Code of 1954 (Former Section 3772(a) (2).

Cribari, Scapolito & Solinger, Mount Vernon, N. Y., for plaintiff.

Kelley, Drye, Newhall & Maginnes, New York City (Francis S. Bensel, Frederick T. Shea, New York City, of counsel), for defendant, Union Carbide and Carbon Corp.

WALSH, District Judge.

On the grounds that the complaint fails to state a claim for which relief can be granted and that this court lacks jurisdiction over the subject matter, defendant Union Carbide and Carbon Corporation moves to dismiss the action against it for patent infringement. The motion is denied.

The complaint charges that Union Carbide, intending to bring about infringement of plaintiff's patent, secured from plaintiff and passed on to the other defendants, confidential information making infringement possible.

Union Carbide contends that although this may state a claim for unfair competition it does not state one under the patent laws and that, as there is no diversity of citizenship, the complaint should be dismissed. It argues that there is no claim for infringement because now, by statute, contributory infringement requires the sale of a component of the patented device and no such sale is alleged; and because the specific acts attributed to Union Carbide occurred before the patent was issued and therefore could not constitute infringement. Its further point is that although federal courts will take incidental jurisdiction of a claim for unfair competition in conjunction with a claim for patent infringement, both claims must be against the same defendant; that a claim for patent infringement against one defendant will not support jurisdiction for a claim of unfair competition against another even though the claims grow out of the same scheme.

The claim comes within the new statute. The statute, 35 U.S.C. § 271, reads as follows:

"(a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.

"(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

"(c) Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

"(d) * * *."

Union Carbide did not sell a component of the patented combination so subdivision (c) is inapplicable.[1]

The claim, however, comes within subdivision (b). This subdivision includes in its definition of "infringer" a person who does that which the courts had previously held to be contributory infringement wherein there was intent to infringe, but not necessarily the sale of a component part of a combination patent. It protects against one who aids

---

1. For a discussion of subdivisions (c) and (d) and their relation to the prior development of the concepts of contributory infringement and misuse, see Rich, Infringement under Section 271 of the Patent Act of 1952, 35 Journal of the Patent Office Society, 476 and Note, 66 Harvard L.Rev. 909.

and abets the direct infringer. S.Rep. 1979, 82nd Cong., 2nd Sess., (1952) 28.

Prior to the enactment of this statute the courts had recognized as contributory infringers those who knowingly committed an act without which infringement would not have occurred, even though they did not sell a component of the patented combination. Individual Drinking Cup Co. v. Errett, 2 Cir., 297 F. 733, 740–741. This included the architect who planned and supervised construction of the infringing machine. Trent v. Risdon Iron & Locomotive Works, 9 Cir., 102 F. 635, 642; the salesman who solicited orders for the infringing device; New Wrinkle v. Fritz, D.C.E.D.N.Y., 30 F.Supp. 89, 91; and a person who used trade secrets to construct an infringing machine for the direct infringer, Conmar Products Corp. v. Tibony, D.C.E.D.N.Y., 63 F.Supp. 372, 373. And in Metallizing Engineering Co. v. Metallizing Co., D.C. S.D.N.Y., 62 F.Supp. 274, 277, a person who encouraged infringement by another was held to be a joint infringer.

As to the contention that the complaint should be dismissed because it alleges acts prior to the issuance of the patent, it is enough to point out that the claim in the complaint is not so restricted and the court will not assume that the proof will be so limited. It is not as though the action had been commenced prior to the issuance of the patent, as in Mike Levine, Inc. v. Baer, D.C.S.D.N.Y., 32 F.Supp. 575.

■ Further, even though Union Carbide's acts were all performed prior to issuance of the patent, if they were performed with intent to infringe the patent when issued or with intent that the infringing conduct continue after the patent was issued, they constitute infringement. See Barrett v. Sheaffer, 7 Cir., 251 F. 74. The Senate Committee Report expresses a legislative intent to reach aiders and abetters. S.Rep. 1979, supra. Similar justification for this determination may be found in the theory of conspiracy expressed in International Radio Telegraph Co. v. Atlantic Communication Co., 2 Cir., 290 F. 698, 703.

Under these circumstances it is not necessary to decide whether this court would assume jurisdiction of a claim for unfair competition related to patent infringement by the other defendants.

Motion denied without costs. Settle order on notice.