**LEESONA CORPORATION, Plaintiff,**

v.

**COTWOOL MANUFACTURING CORP., JUDSON MILLS DIVISION, Deering Milliken Research Corp. and Whitin Machine Works, Defendants.**

**Civ. A. No. 2729.**

United States District Court
W. D. South Carolina,
Greenville Division.

Jan. 26, 1962.

Rainey, Fant & Horton, Greenville, S. C., Watson, Cole, Grindle & Watson, Washington, D. C., for plaintiff.

Price & Poag, Greenville, S. C., Brumbaugh, Free, Graves & Donohue, New York City, for defendants.

WYCHE, Chief Judge.

The above case is before me upon motion of defendant Deering Milliken Research Corporation for dismissal for lack of jurisdiction and improper venue and upon motion of defendant Whitin Machine Works for dismissal or in the alternative for severance and transfer to the District of Massachusetts on the grounds of improper venue and *forum non conveniens*.

This is a patent suit alleging infringement of United States Letters Patent No. 2,803,105, No. 2,803,108 and No. 2,803,109 initially naming Cotwool Man-

ufacturing Corporation, Judson Mills Division as defendant. Subsequent to filing of suit, plaintiff was granted leave to amend the complaint adding Whitin Machine Works and Deering Milliken Research Corporation as parties defendant. Defendants Whitin Machine Works and Deering Milliken Research Corporation later filed motions to dismiss.

The venue provisions for patent infringement actions are as follows: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C.A. § 1400 (b).

Since defendant Whitin Machine Works is a Massachusetts corporation and defendant Deering Milliken Research Corporation is a Delaware corporation, venue must rest on that part of the above provision relating to where "defendant has committed acts of infringement and has a regular and established place of business."

There is no dispute concerning the fact that defendant Whitin Machine Works and defendant Deering Milliken Research Corporation have regular and established places of business in this district. It appears that several accused infringing machines have been purchased by and used by defendant Cotwool in this district. The controversy is as to whether or not defendants Deering Milliken Research Corporation and Whitin Machine Works have committed acts of infringement in this district.

Defendant Whitin is referred to by defendants as "selling agent" or "exclusive distributor" of the accused machines, the parts of which are manufactured in France and shipped to the purchaser's plant where they are assembled and installed by employees of defendant Whitin. At the same time it appears that the accused machines would be of no use to the purchaser without a license from defendant Deering Milliken Research Corporation to use the accused machines and accused processes.

The license agreement between defendant Deering Milliken Research Corporation and defendant Cotwool, executed November 16, 1959, grants to Cotwool the right to use the accused machines and processes and requires Cotwool to pay stipulated royalties to defendant Deering Milliken Research Corporation. This agreement was negotiated and executed in this district; performance under the agreement is in this district; royalties are paid by defendant Cotwool and collected by defendant Deering Milliken Research Corporation in this district; and the operation of the accused machines and use of the accused processes permitted by this agreement take place in this district. This license agreement between defendant Deering Milliken Research Corporation and defendant Cotwool also requires Deering Milliken Research Corporation to assume the defense of any infringement suits against Cotwool, and Deering Milliken Research Corporation assumed the defense.

Defendant Whitin Machine Works assembled and installed the accused machines in the plant of defendant Cotwool in this district.

It appears that in the absence of the acts done by either Whitin or Deering Milliken Research Corporation within this district, the accused machines and processes would not now be in being or in use within this district.

■ Infringement, direct or contributory, is a tort, an invasion of a right of the patentee. Carbice Corp. of America v. American Patents Corp., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819. Those who participate in the commission of the tort, who aid in bringing about the invasion of the patentee's right, or who have committed acts without which the tort would not have occurred, are infringers. Weyerhaeuser Timber Company v. Bostitch, Inc., D.C., 178 F.Supp. 757; Individual Drinking Cup Co. v. Errett, 2 Cir., 297 F. 733; Deering, Milliken & Co. v. Temp-Resisto Corporation, D.C., 160 F.Supp. 463, (affirmed in part, reversed in part, 2 Cir., 274 F.2d 626); Risdon Iron & Locomotive Works v. Trent, 9 Cir., 92 F. 375 (modified 102 F. 635).

■ If the tortious conduct, that is the acts aiding or inducing the infringement, are performed by defendants in this district, the requirement of the venue statute is fulfilled, so long as defendants have a regular and established place of business in this district, as is the case here.

Conduct like that of both defendant Whitin and defendant Deering Milliken Research Corporation in this district has been condemned as infringing conduct many times. The following has been adjudged infringing conduct: licensing others to use infringing machines and processes, Toppan v. Tiffany Refrigerator Car Co., 7 Cir., 39 F. 420, Moseley v. United States Appliance Corporation, 9 Cir., 155 F.2d 25; fitting machinery for operation at the purchaser's plant, Risdon Iron & Locomotive Works v. Trent, supra; converting machinery or adjusting operating parts, Ferguson v. Ford Motor Co., D.C., 77 F.Supp. 425; passing on information intending to bring about infringement, Jones v. Radio Corp. of America, D.C., 131 F.Supp. 82; furnishing drawings and granting license, Weyerhaeuser Timber Company v. Bostitch, Inc., supra; installing and erecting accused machines, Conmar Products Corporation v. Tibony, D.C., 63 F.Supp. 372; and granting immunity from suit to an infringer, American Telephone & Tel. Co. v. Radio Audion Co., 3 Cir., 281 F. 200.

The defendants must, therefore, for this motion be considered to have committed the acts of infringement alleged within this district.

The motions to dismiss the complaint as against defendants Whitin and Deering Milliken Research Corporation should, therefore, be denied; an order has been entered accordingly.

The motion of the defendant Whitin Machine Works for severance and trans-

fer to the District of Massachusetts on the grounds of improper venue and *forum non conveniens*, will be heard on February 23, 1962, at eleven o'clock a. m., in Spartanburg, South Carolina.