**DOVER CORPORATION, Plaintiff,**

v.

**FISHER GOVERNOR COMPANY, Inc., Defendant.**

Civ. A. No. 14534.

United States District Court
S. D. Texas,
Houston Division.

Sept. 11, 1963.

Vinson, Elkins, Weems & Searls, Houston, Tex. (Joe E. Edwards, Houston, Tex.), for plaintiff.

Baker, Botts, Shepherd & Coates, Houston, Tex. (Frank B. Pugsley, Houston, Tex.), for defendant.

NOEL, District Judge.

This case is before the Court upon defendant's motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure or in the alternative to transfer under 28 U.S.C.A. § 1404(a) or § 1406(a). The sole ground for the motion is an allegation of improper venue in this judicial district.

It is an action for patent infringement brought by Dover Corporation, hereinafter called plaintiff, against Fisher Governor Company, Inc., hereinafter called defendant. Defendant, an Iowa corporation having its principal office and place of business in Marshalltown, Iowa, although having a regular and establish-

ed place of business within this judicial district, manufactures and directly sells the structures accused of infringing the patent only at Marshalltown, Iowa. All sales of the accused structures within this judicial district are made by Puffer-Sweiven, Inc., an independent manufacturer's sales representative having its principal office at Houston, Texas. Puffer-Sweiven, Inc. solicits orders for the defendant's products within this judicial district, and the orders are filled either by Puffer-Sweiven, Inc. from its wholly-owned stock warehoused at its place of business, or by the defendant from its office in Marshalltown, Iowa. The defendant may accept or reject such orders, but Puffer-Sweiven, Inc. has no authority to bind the defendant to any contract or agreement. When an order is accepted by the defendant, shipment is made to the buyer from Marshalltown, Iowa and payment is made directly to the defendant, which remits a commission to Puffer-Sweiven, Inc.

One of defendant's employees, Truman B. Burris, has a permanent office in this judicial district. His duties involve such matters as servicing the defendant's products, field testing new devices, checking on the performance of existing equipment and giving technical advice. He is a salaried employee of the defendant although his office is provided rent-free by Puffer-Sweiven, Inc. on its premises at Houston, Texas. Burris has accompanied Puffer-Sweiven, Inc. personnel on sales calls. Correspondence between him and an assistant sales manager of the defendant is evidence of sales activity by him in this judicial district relating to the accused devices, but there is no evidence that Burris was ever present at the sale of one of the infringing devices in this judicial district. On at least one occasion in this judicial district, Burris repaired one of the accused devices by installing on it, without charge to the customer, two new parts which had been brought to Houston by a factory engineer of the defendant.

Defendant maintains a force of "sales engineers" who perform "sales promotion activities" but are not based in this judicial district. However, at least six of these "sales engineers," in addition to Mr. Burris, have at various times accompanied Puffer-Sweiven, Inc. personnel on sales solicitation calls here. During such calls the "sales engineers" have assisted in sales solicitation by answering technical questions concerning the defendant's product; however, they have not taken orders. The "sales engineers" also carry on a general sales promotion program throughout the country by attending conventions and trade shows, distributing information, giving talks, doing liaison work with the agencies, etc. Some of them participated in a show in Houston in 1959 or 1960, at which time one of the accused devices was physically exhibited, as well as a brochure which described another.

The defendant bases its motion to dismiss or to transfer on the single ground that under the facts of this case it has not made, used or sold the accused devices within this judicial district and therefore has not committed acts of infringement within this district as required by the venue provisions of 28 U.S.C.A. § 1400(b).

■ Twenty-eight U.S.C.A. § 1400(b) is the sole and exclusive provision governing venue for patent-infringement actions and is not to be supplemented by 28 U.S.C.A. § 1391(c), the general venue statute governing other types of actions against corporations. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). See Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942) for an expression of the same construction for the predecessor of Section 1400(b). Section 1400(b) reads:

> "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

■ This statute provides two alternative grounds for venue in patent cases.

The first venue alternative is "where the defendant resides." For purposes of the application of this statute, a corporate defendant resides only at the place of its incorporation. C-O-Two Fire Equipment Co. v. Barnes, 194 F.2d 410 (7th Cir. 1952), aff. 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 695, rehearing den. 344 U.S. 900, 73 S.Ct. 273, 97 L.Ed. 668. Since the defendant is an Iowa corporation, no basis for venue in this judicial district is provided by the first venue alternative.

The second venue alternative is in the conjunctive. Both "where the defendant has committed acts of infringement and has a regular and established place of business" are necessary for proper venue. It is undisputed that the defendant in the instant case has a "regular and established place of business" in this judicial district; therefore, the crux of the improper venue allegation is that the defendant has not committed "acts of infringement" within this judicial district.

The defendant contends that "acts of infringement" under Section 1400(b) are exclusively defined in 35 U.S.C.A. § 271 (a), which reads as follows:

"Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent."

Defendant alleges that it did not make, use or. sell the accused devices in this judicial district and, consequently, that venue in this judicial district is improper.

Plaintiff, however, asserts that "acts of infringement" as envisioned by Section 1400(b) may be acts other than the direct acts of making, using or selling accused articles in a judicial district. Plaintiff points out that the statute which defines and imposes liability for infringment of patents, 35 U.S.C.A. § 271, also provides as follows:

"(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

"(c) Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

Plaintiff contends that since Section 271 (b) makes one who "actively induces infringement" liable as an infringer, actively inducing others to infringe a patent is therefore an "act of infringement" contemplated by Section 1400(b). Defendant, however, contends that 35 U.S. C.A. § 271(b) merely establishes a liability for actively inducing infringement and does not add to the exclusive definition contained within Section 271(a) another act of infringement for venue purposes under Section 1400(b).

Defendant's position is supported by language in Hautau v. Kearney & Trecker Corp., 179 F.Supp. 490 (S.D.Mich.1959), but that case is inapplicable to the present situation because it involved a dismissal for improper venue *solely* on the ground of the absence of direct infringement within the judicial district resulting from the active inducement. The distinguishing facts here are the sales by Puffer-Sweiven, Inc. and the use by its customers of the accused devices, each within this judicial district.

Defendant further contends that the instant case is controlled either by Kay v. J. F. D. Mfg. Co., 261 F.2d 95 (5th Cir. 1958), which involved a dismissal for improper venue, or by Gulf Research & Development Co. v. Schlumberger Well Survey Corp., 92 F.Supp. 16 (S.D.Cal. 1950), which involved a transfer for improper venue. The Kay case is distinguishable. The question there was whether the defendant had a "regular and established place of business" within the judicial district rather than the question of whether "acts of infringement" were committed therein; whereas, it is undisputed here that the defendant has a

"regular and established place of business" in this district. The Gulf Research & Development Co. case is also distinguishable. In it there were no allegations of acts of infringement within the judicial district. The question involved was whether 28 U.S.C.A. § 1391(c), the general corporate venue statute, was applicable to patent cases.

I do not accept the defendant's theory of patent venue that "acts of infringement" for venue purposes are exclusively defined as direct making, using or selling. The defendant's theory would virtually eliminate the availability of venue alternatives to a plaintiff suing a corporate "contributory infringer," for the suit would have to be brought at the place of the defendant's incorporation. I can discern neither the logic nor fairness of such a theory, for the place of incorporation of a "contributory infringer" may be far removed from its principal place of business and from the place of occurrence of the acts or wrongs for which liability is imposed.

■■ Defendant's theory would subvert the basic policy behind the second venue alternative in Section 1400(b). Bowers v. Atlantic G. & P. Co., 104 F. 887 (S.D.N.Y.1900), cited with approval in Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942), provides a full and complete discussion of the history and policy behind the predecessor of Section 1400 (b). The statute was enacted to prevent patent venue from lying in just any judicial district in which a defendant could be found. This was accomplished by the first venue alternative, viz., "where the defendant resides." This being so restrictive, a second alternative was included which operates for the benefit of plaintiffs. As the Court in the Bowers case stated, the second venue alternative permits "the owner of a patent to sue in a district where the defendant is systematically committing acts of infringement. There is no hardship to the infringer if called upon to answer where he is actually established in business. On the other hand, it is but justice to the owner of the patent that he is permitted to seek redress in the district where the wrong is done." Therefore, the purpose of the second venue alternative was to allow a plaintiff to bring suit in a judicial district where the "wrong" occurred, conditioned solely on the defendant having a regular and established business there.

■ Since 35 U.S.C.A. § 271(b) and the prior case law that it codified considered "contributory infringement" just as much a "wrong" as direct infringement (for example, one who aids and abets infringement is called an infringer by Section 271(b)), it reasonably and logically follows that the venue for this type of infringement was also intended to rest where the "wrong" occurred. I therefore hold active inducement under Section 271(b) to be an infringing act for the purposes of Section 1400(b). To like effect are Leesona Corp. v. Cotwool Mfg. Corp., 201 F.Supp. 472 (W.D.S.C. 1962); Gould-National Batteries v. Sonotone Corp., 130 U.S.P.Q. 26 (D.C.Ill. 1961).

■■ I further hold that under the facts of this case and for the purposes of the motion before me the defendant has committed sufficient acts of at least contributory infringement, if not direct infringement, in this judicial district to properly establish venue here. When venue is challenged, the test used to determine whether an act of infringement has occurred within the district is naturally less strict than that used when the case is tried on the merits. Stiegele v. Jacques Kreisler Mfg. Corp., 213 F.Supp. 494 (S.D.N.Y.1962); Ronson Art Metal Works, Inc. v. Brown & Bigelow, Inc., 104 F.Supp. 716 (S.D.N.Y.1952).

The circumstances of this case such as the assistance provided by the "sales engineers" of the defendant in soliciting sales of the accused devices in this district; the availability of Mr. Burris, an employee of the defendant, to repair accused devices in this judicial district, which on at least one occasion he and

another employee so did; and, the physical exhibition on at least one occasion of one of the accused devices at a trade show in this judicial district, a manifestation of the defendant's sales promotion campaign in this district, buttress my conclusion of sufficient active inducement to constitute contributory infringement for the purposes of the motion before me and, therefore, to establish proper venue in this district. To like effect, particularly where repairing of accused devices occurs, are Remington Rand Business Service, Inc. v. Acme Card System Co., 71 F.2d 628 (4th Cir. 1934); Ferguson v. Ford Motor Co., 77 F.Supp. 425 (S.D. N.Y.1948).

■ Any possible defect in the establishment of proper venue in this judicial district created by the failure of the plaintiff to allege contributory infringement under 35 U.S.C.A. § 271(b) can be cured by an amendment of the complaint, leave for which this Court will grant. For a similar approach, see Transmirra Products Corp. v. Magnavox Co., 110 F. Supp. 676 (S.D.N.Y.1953).

Defendant's motion to dismiss for improper venue is therefore denied. Defendant's alternative motion to transfer under 28 U.S.C.A. § 1406(a), providing for the transfer of cases filed in a district or division which is an improper venue, is also denied because the Court here holds that this judicial district is not an improper venue.

■ Defendant's alternative motion to transfer under 28 U.S.C.A. § 1404(a) is denied because the defendant has failed to discharge his burden of showing that the convenience of the parties and witnesses and the interests of justice require such a transfer. Both plaintiff and defendant have a regular and established place of business in this district. The devices manufactured under the patent in suit are manufactured in plaintiff's Houston plant with all records concerning the same being in the Houston plant. The patentee is a resident of Houston, as are the plaintiff's witnesses having familiarity with the subject matter of the suit.

Many of the accused devices are warehoused in Houston by defendant's manufacturer's sales representative, Puffer-Sweiven, Inc., and proof of these structures can be made just as readily in Houston as elsewhere.