Edward A. GOULD, Jr., Plaintiff,

v.

The CORNELIUS COMPANY, Defendant.

Civ. No. 6457.

United States District Court
N. D. Oklahoma.

Sept. 13, 1966.

Robert E. Massa, Tulsa, Okl., Foster, Stinson & Lasswell, of counsel, Wichita, Kan., for plaintiff.

William S. Dorman, Tulsa, Okl.; Carlton Hill, Marvin A. Henrickson, Anthony R. Chiara, Chicago, Ill., for defendant.

## ORDER

DAUGHERTY, District Judge.

In this action the Plaintiff has moved the Court for an Order allowing the Pepsi-Cola Bottling Company of Tulsa, Oklahoma, Incorporated, hereafter called Pepsi-Cola, to be added as a party defendant. It is alleged that Pepsi-Cola is an Oklahoma Corporation and resides in Tulsa, Oklahoma. The grounds for the joinder repose in the deposition of Mr. Gene Patterson, sales and service representative of Defendant, The Cornelius Company, wherein it is alleged that Pepsi-Cola has purchased the accused infringing product from the Defendant, The Cornelius Company. By counter-affidavits and briefs, the Defendant, The Cornelius Company asserts there is no evidence of infringement by Pepsi-Cola with reference to the accused product in the record of testimony of Mr. Gene Patterson.

In support of the joinder, the Plaintiff cites, inter alia, Boysell Co. v. Franco, 26 F.Supp. 421 (D.C.Ga.1939) and Harman v. Scott, 183 F.Supp. 138 (D.C.Ohio 1960). These cases support the general proposition that where the acts of defendants are joint and relate to the same article, the Court, in the interest of justice, can order the actions tried together. The Court endorses and approves of the liberal joinder provisions of the Federal Rules of Civil Procedure to avoid a waste of judicial effort. However, it is also necessary herein to give consideration to the applicable special venue statute in patent cases. 28 U.S.C. § 1400(b).

Rule 21, F.R.Civ.P. 28 U.S.C.A. provides the remedies for adding or dropping parties on order of Court on such terms as are just. Under Rule 20, F.R.Civ.P. 28 U.S.C.A., the Court is not compelled to add a party and has wide discretion in ordering the joinder of additional parties. The Plaintiff does not contend that the party sought to be joined is indispensable to his original action or that the Plaintiff does not have an adequate remedy against the original Defendant who manufactures the allegedly infringing product.

The Court finds that the Plaintiff's Motion to add Pepsi-Cola as a party defendant is aimed at defeating the pending Motion to transfer the action filed by the Defendant, The Cornelius Company.

The desired joinder of Pepsi-Cola, a local defendant, would not prevent the transfer of the cause against the original defendant as required by the special venue statute and 28 U.S.C. § 1406(a). Otherwise, this joinder, if permitted, would amount to a thwarting of congressional intent and an unauthorized means of circumventing the special venue in patent cases. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957).

■ The Court must balance the interests of the parties herein and conclude that the defendant, The Cornelius Company, is entitled under the special patent venue statute, supra, to have the case against it dismissed, and in the interest of justice under 28 U.S.C. § 1406(a) the case should be transferred to the United States District Court of Minneosta, Fourth Division, in lieu of dismissal. Further the Court concludes in view of the said transfer to be effected, that· Pepsi-Cola should not be made an additional party to this action against The Cornelius Company but Pepsi-Cola may be proceeded against in another action brought by the plaintiff in the United States District Court for the Northern District of Oklahoma if the plaintiff so desires.

The Motion for an order adding the Pepsi-Cola Bottling Company of Tulsa, Oklahoma, Inc., is therefore denied.

### ORDER TRANSFERRING CASE

This is a patent infringement case brought under 28 U.S.C. § 1338(a) as to jurisdiction and 28 U.S.C. § 1400(b) [1] as to venue. The plaintiff, an Oklahoma citizen, sues the defendant, a Minnesota corporation, with principal office and place of business in Minnesota.

The defendant has filed a Motion to dismiss or in the alternative to transfer the case to the United States District Court of Minnesota, Fourth Division, under authority contained in 28 U.S.C. § 1406(a) [2].

■ The venue statute, 28 U.S.C. § 1400(b) is exclusive. Fourco Glass Company v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942). The burden of proof is upon the plaintiff to show the proper venue. Fourco Glass Company v. Transmirra Products Corp., supra; Watsco, Inc. v. Henry Valve Co., 232 F.Supp. 38 (S.D.N.Y.1964); McGah v. V–M Corporation, 166 F.Supp. 662 (N.D.Ill.1958). Under such statute, venue is proper in a judicial district under either of two conditions, namely, (1) where the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business. The latter condition is in the conjunctive and both must be present.

It appears to be undisputed that the defendant, a Minnesota corporation, does not reside in the judicial district comprising the United States District Court for the Northern District of Oklahoma. It is well settled that a corporation "resides," as that term is used in 28 U.S.C. § 1400(b) only in the state of its incorporation and nowhere else. Fourco Glass Company v. Transmirra Products Corp., supra; Ruth v. Eagle-Picher Co., 225 F.2d 572 (Tenth Cir. 1955). The controversy under the pending motion thus pertains to the second condition or alternative ground for venue, as above recited.

■ From the affidavits submitted it appears the defendant has a soliciting salesman who resides in Tulsa, Oklahoma, and who has the territory of Oklahoma,

---

1. This Section of the Statute reads:
    "(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

2. This Section of the statute reads:
    "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Kansas, Arkansas and the Panhandle of Texas, in which area he sells to customers items manufactured by the defendant in Minnesota. This salesman is furnished with a station wagon and a model or sample of a few pieces of portable equipment made by the defendant and carried in the station wagon for demonstration purposes. On occasions the salesman may assist a customer in the service of equipment previously sold. The salesman works out of his home in Tulsa. The defendant does not pay the rent or utility bills on such home. The salesman uses a business card on which is printed his home address and telephone number in Tulsa and which identifies him as the sales and service representative of the defendant whose Minnesota address and telephone number are also shown on the card. The defendant has no real estate or furniture or fixtures, pays no rent, has no telephone or telephone listing, and maintains no inventory or bank account in the State of Oklahoma.

■ The Court finds and concludes that the selling activities of the defendant through its salesman as alleged by the plaintiff are sufficient to satisfy the first part of the second condition or grounds for venue, that is, committing an act of infringement. In this connection, 35 U.S.C. § 271 [3] provides that an act of infringement has been committed by one when he makes, uses or sells any patented invention without authority. From the affidavits it appears that the defendant does not make the equipment involved herein in the judicial district comprising the Northern District of Oklahoma nor does he use the same therein. However, the defendant sells this equipment in such district in the opinion of the Court as that term is used in said statute. The Court does not believe that the use of the word "sells" in such statute is employed in the sense of a commercial sale which here would take place in the State

of Minnesota where the orders solicited by the salesman in Oklahoma are accepted and filled by the defendant. Union Asbestos & Rubber Company v. Evans Products Company, 328 F.2d 949 (Seventh Cir. 1964).

Moreover, the selling activities of the defendant in Oklahoma would also constitute actively inducing infringement under 35 U.S.C. § 271(b).[3] Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Division, 201 F.Supp. 472 (W.D.S.C. 1962). Thus, the first part of the second condition is present in the Northern Judicial District of Oklahoma.

■■ However, the Court finds and concludes that the second part of the second condition for venue has not been established by the plaintiff under its burden of proof. The defendant under the circumstances here does not have a "regular and established place of business" in Oklahoma. General Radio Co. v. Superior Electric Co., 293 F.2d 949 (First Cir. 1961). The familiar test of "doing business" is not to be substituted for the test of a "regular and established place of business." Knapp-Monarch Co. v. Casco Products Corp. et al., 342 F.2d 622 (Seventh Cir. 1965) cert. denied 382 U.S. 82, 86 S.Ct. 64, 15 L.Ed.2d 73. The activities of the defendant in Oklahoma as above outlined fall far short of constituting "a regular and estabished place of business" of defendant in the state. General Radio Co. v. Superior Electric Co., supra; Knapp-Monarch Co. v. Casco Products Corp. et al., supra; Clearasite Headwear, Inc. v. Paramount Cap Mfg. Co., 204 F.Supp. 4 (S.D.N.Y.1962); McGah v. V–M Corporation, supra.

Therefore, venue does not exist in this judicial district and plaintiff's action begun here must be dismissed for lack of venue or transferred to the United States District Court of Minnesota, Fourth Division. The interest of justice under 28

---

3. This statute reads, in part, as follows:
   "(a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.
   "(b) Whoever actively induces infringement of a patent shall be liable as an infringer."

U.S.C. § 1406(a), requires the latter course. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

It is accordingly ordered that this case be transferred to the United States District Court of Minnesota, Fourth Division, a district or division in which it could have been brought, and the Clerk will take the necessary action to accomplish the transfer.