**INGERSOLL–RAND COMPANY, Plaintiff,**

v.

**ROCKWELL INTERNATIONAL CORPORATION, and Florida Pneumatic Manufacturing Company, Defendants.**

No. 75–2772–Civ–JLK.

United States District Court, S. D. Florida.

Sept. 17, 1976.

---

William Hoeveler, Knight, Peters, Hoeveler, Pickle, Niemoeller, Flynn & Stieglitz, Miami, Fla., and John M. Calimafde and Marvin N. Gordon, Hopgood, Calimafde, Kalil, Blaustein & Lieberman, New York City, for plaintiff.

Linwood Anderson, Smathers & Thompson, Miami, Fla., James C. McConnon and John F. McNulty, Paul & Paul, Philadelphia, Pa., and George C. Atwell, Rockwell International Corp., Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

JAMES LAWRENCE KING, District Judge.

Ingersoll-Rand Company has filed suit against these defendants alleging patent infringement of Patent Number 3,144,108.

The patent is for a tool called an "Impact Wrench with Separate Inertia Means". Defendant Rockwell International Corporation filed a motion to dismiss this action for improper venue. The court allowed discovery to go forward solely on the issue of venue and the parties have submitted briefs.

■ Venue in patent infringement cases is governed exclusively by 28 U.S.C. Section 1400(b). *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). That section provides:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

■ Rockwell is a Delaware corporation with its principle place of business in Pittsburg, Pennsylvania (McNulty affidavit in support of motion to dismiss). Therefore, for purposes of venue, Rockwell is a "resident" only of Delaware, its state of incorporation. *Fourco Glass Co., supra*, 353 U.S. 226, 77 S.Ct. 790, 1 L.Ed.2d 789. Rockwell admits that it has a regular and established place of business in Miami, Florida, therefore, the sole issue presented by the motion to dismiss is whether Rockwell has committed acts of infringement within the Southern District of Florida sufficient to satisfy the venue requirements of 28 U.S.C. Section 1400(b).

It is clear from a reading of the reported decisions on this issue that the facts in each case are crucial to the final determination of whether or not venue in a particular district is proper.

The record[1] reveals the following pertinent facts concerning defendant Rockwell's activities within this district. Rockwell does not manufacture, use, nor directly sell its impact wrenches within this district. Independent distributors who are selected by Rockwell and are located within this district take purchase orders for Rockwell tools, including Rockwell's impact wrench, Model Number 2210 (hereinafter, the accused tool). These orders are sent to Rockwell's business location in Memphis, Tennessee, where Rockwell fills the .orders and delivers the tools to a common carrier. Rockwell contends that title to the tools is transferred to the carrier when the carrier takes possession in Memphis (hereinafter, Rockwell's "title-passing" theory). Rockwell helps pay for advertisement in the yellow pages of the Miami telephone directory which lists the independent distributors under Rockwell's name and uses Rockwell's logo. Rockwell's district manager from the Tampa area comes to this district about every six weeks to "promote the franchise" and help the distributor "penetrate the market". He comes in a van with the Rockwell logo on the side. The van contains displays of various Rockwell tools, including the accused tool. The district manager accompanies the "jobber salesman", an employee of the distributor, on his visits to the distributor's customers. The customers are taken inside the van and shown the tools. The accused tool is not demonstrated because "100% of the retailers [customers] recognize what the 2210 [accused tool] will do, they don't need a demonstration." The customers are shown promotional literature on Rockwell tools, including the accused tool. This material is prepared by Rockwell and sent to the distributors. Finally, Rockwell's business establishment in Miami, a service center, has no records of ever having repaired one of the accused tools.

■ In deciding what constitutes an act of infringement for venue purposes, this court is mindful of the Supreme Court's admonition in *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961):

The requirement of venue is specific and unambiguous; it is not one of those

---

1. Specifically, the affidavit and deposition of Robert L. Lowry, Rockwell's Sales Manager, Automotive Department, Power Tool Division.

vague principles which, in the interest of some overriding policy, is to be given a 'liberal construction'. Quoting *Olberding v. Illinois Central R. Co.,* 346 U.S. 338, 340, 74 S.Ct. 83, 85, 98 L.Ed. 39, 42 (1953). The court is further mindful that "the test for establishing patent *venue* is less strict than the standard required to establish patent *infringement* for otherwise, a disposition on the venue question would also amount to a disposition on the merits whenever venue is tested." *Watsco, Inc. v. Henry Valve Co.,* 232 F.Supp. 38, 44 (S.D.N.Y. 1964).

Acts of infringement are defined in 35 U.S.C. Section 271, as follows:

(a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.[2]

The parties have focused primarily on whether Rockwell's conduct within this district constitutes an "infringing sale" within the meaning of 35 U.S.C. Section 271(a). Rockwell's "title-passing" theory, discussed above, is a restatement of the "consummated sale doctrine" which holds that to constitute an infringing sale, a sale must be completed in the district where venue is sought. This doctrine was promulgated in *Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co.,* 116 F. 641 (C.C.N.Y.1902). The doctrine's interesting history from its "shaky foundation" to the recent trend to "chip away" or limit its impact, has been ably examined by Judge Edelstein in *Watsco, Inc. v. Henry Valve Co.,* 232 F.Supp. 38 (S.D.N.Y.1964), and Judge Kiley in *Union Asbestos & Rubber Co. v. Evans Product Co.,* 328 F.2d 949 (7th Cir. 1964).

This court agrees with "the modern trend of cases which seek " * ˙ * * to limit the impact of this artificial 'title-passing' doctrine which, at best, appears to be an anachronism when it is removed from the context of commercial transactions." *Watsco, supra,* at 46. The court further agrees that "the technicalities of sales law should not control whether defendant's degree of conduct within the district was sufficient to constitute 'acts of infringement' for venue purposes." *Union Asbestos, supra* at 952. A new test is evolving which focuses on the degree of conduct of the defendant within the district, not merely on whether the defendant was itself involved in the actual delivery of the accused item into the district or in the final "consummation" of the sale in the district. Courts have held that the physical presence of a defendant's sales representatives in the district, their continuous solicitation of orders there, coupled with the physical presence and demonstration of the accused item in the district by a defendant's representatives is a sufficient degree of selling to constitute an "infringing sale" for the purposes of establishing venue in the district where this conduct occurred.[3]

In the instant case, defendant's sales representatives, though physically present in this district, did not themselves solicit any orders for the accused tool and neither did they actually demonstrate the tool though they did in fact display it. The degree of conduct by this defendant in this district does not amount to an "infringing sale" of the accused tool within the framework of the test developed in the recent case law. *See,* note 3, *supra.*[4]

The venue determination does not stop here because the "make, use, sale" criteria of 35 U.S.C. Section 271(a) are not the exclusive tests for an act of infringe-

---

**2.** Subsections (c) and (d) of 35 U.S.C. Section 271 are inapplicable to this case.

**3.** *Watsco, Inc. v. Henry Valve Co.,* 232 F.Supp. 38 (S.D.N.Y.1964), *Union Asbestos & Rubber Co. v. Evans Product Co.,* 328 F.2d 949 (7th Cir. 1964), *Dual Manufacturing and Engineering,*

*Inc. v. Burris Industries, Inc.,* 531 F.2d 1382 (7th Cir. 1976).

**4.** This holding is for purposes of venue determination only and will not preclude plaintiff from attempting to prove "an infringing sale" at trial.

ment for venue purposes. 35 U.S.C. Section 271(b), states: "Whoever actively induces infringement of a patent shall be liable as an infringer."

This court agrees with the holding in *Dover Corporation v. Fisher Governor Co.*, 221 F.Supp. 716 (S.D.Texas 1963):

> Since 35 U.S.C.A. Section 271(b) and the prior case law that it codified considered "contributory infringement" just as much a "wrong" as direct infringement (for example, one who aids and abets infringement is called an infringer by Section 271(b)), it reasonably and logically follows that the venue for this type of infringement was also intended to rest where the "wrong" occurred. I therefore hold active inducement under Section 271(b) to be an infringing act for the purposes of Section 1400(b). *Id.* at 720.[5]

Active inducement means basically that one has caused or aided and abetted another to infringe a patent.

> "Inducement", then, under Section 271(b), while requiring active or affirmative steps to be taken with the knowledge of the likely infringing result, otherwise is as broad in scope as the range of actions by which one may cause, urge, encourage or aid another to infringe. *Burlington Industries, Inc. v. Exxon Corporation,* 379 F.Supp. 754, 757 (D.Md.1974), citing *Fromberg, Inc. v. Thornhill,* 315 F.2d 407 (5th Cir. 1963).

A final consideration is that there must be a direct infringement in order to have the possibility of contributory infringement. *Aro Manufacturing Co., Inc. v. Convertible Top Replacement Co.,* 365 U.S. 336, 341, 81 S.Ct. 599, 602, 5 L.Ed.2d 592, 597 (1961).

■ In this case, the plaintiff has alleged that the accused tool is being sold in the Southern District of Florida and Rockwell has admitted the same (Lowry affidavit, p. 2). This constitutes a direct act of infringe-

ment, so that contributory infringement is possible.

Moreover, this court finds that Rockwell has actively induced infringement for venue purposes in this district by doing the following: by sending its district manager to Miami approximately every six weeks in a Rockwell van with the accused tool inside; and by this manager accompanying the distributor's salesman on trips where promotional literature prepared by Rockwell concerning the accused tool was furnished to the distributor's customers, the customers were shown the tools inside the van, and purchase orders for Rockwell tools were taken. Although Rockwell's sales manager, Mr. Lowry, would describe the above activity as helping the distributor "promote the franchise" and "penetrate the market", and *not* as helping to promote sales, this court finds that whatever else Rockwell's district manager may be doing or chooses to call what he is doing, he is also helping, aiding and abetting the distributor to promote sales of Rockwell tools, including the accused tool. This constitutes an act of infringement within the meaning of 35 U.S.C. Section 1400(b), and therefore venue is proper in the Southern District of Florida and the motion to dismiss must fail.

Plaintiff has not alleged contributory infringement in the complaint but this court will grant leave for plaintiff to amend. Fed.R.Civ.P. 15(a).[6]

---

**5.** *See also, Burlington Industries, Inc. v. Exxon Corporation,* 379 F.Supp. 754 (D.Md.1974), *citing cases,* at 756.

**6.** *See, Dover Corporation v. Fisher Governor Co.,* 221 F.Supp. 716, 721 (S.D.Texas 1963), and *Watsco, Inc. v. Henry Valve Co.,* 232 F.Supp. 38, 44 (S.D.N.Y.1964), for a similar approach.