CORDIS CORPORATION, Plaintiff, Appellant,

v.

CARDIAC PACEMAKERS et al., Defendants, Appellees.

No. 78–1439.

United States Court of Appeals, First Circuit.

Argued March 6, 1979.

Decided June 13, 1979.

Herbert P. Kenway, Boston, Mass., with whom Henry D. Pahl, Jr., and Kenway & Jenney, Boston, Mass., were on brief, for appellant.

Orrin M. Haugen, Minneapolis, Minn., with whom Robert A. Cesari, and Cesari & McKenna, Boston, Mass., were on brief, for appellees.

Before ALDRICH and CAMPBELL, Circuit Judges, and CAFFREY,* District Judge.

CAFFREY, District Judge.

This is an action for patent infringement brought by the plaintiff, Cordis Corporation against defendants, Cardiac Pacemakers, Inc. and Edward J. Luczek. Plaintiff appeals from the district court's dismissal of the case as against the defendant, Cardiac Pacemakers, Inc. The dismissal was based on the failure of plaintiff to establish the existence of venue under the patent venue statute 28 U.S.C. 1400(b).

Cordis Corporation (Cordis) is a Florida corporation with its principal place of busi-

* Of the District of Massachusetts, sitting by designation.

ness in Miami, Florida. Defendant, Cardiac Pacemakers, Inc. (CPI) is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. The action was brought by Cordis for alleged infringement by CPI of United States Letters Patent No. 3,557,796 and No. 3,805,796. Both patents relate to cardiac pacemakers which are small electronic generators capable of being implanted in the body of patients afflicted with certain diseases of the heart.

The record in the district court establishes that after the commencement of this action in October, 1977, defendants responded with a motion to dismiss for improper venue and lack of jurisdiction. The record contains several affidavits submitted in support of the motion, defendants' interrogatories to plaintiff, plaintiff's answers thereto, the transcript of two depositions, and several other documents including additional affidavits and a copy of the contract between CPI and its exclusive sales agent Cardio-Pace, Inc., a New Jersey corporation with its principal place of business in Englewood Cliffs, New Jersey. The motion to dismiss was referred to a United States Magistrate by the district court and on May 11, 1978 the Magistrate filed a report and recommendation which included nine specific findings of fact and the recommendation that the district court dismiss the action for non-compliance with the special patent venue statute 28 U.S.C. 1400(b). The district court adopted the Magistrate's recommendation and entered judgment dismissing the action as against defendant CPI. It continued the action as against the individual defendant Luczek, an employee of CPI who resides in Massachusetts. At a later date the district court entered the appropriate order under Rule 54(b) to make the dismissal of CPI a final and appealable judgment.

28 U.S.C. 1400(b) provides:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

There is no evidence in the record upon which the court could have found that CPI was a resident of Massachusetts, thus no argument can be made that CPI's residence provided a basis for venue under 28 U.S.C. § 1400(b). Therefore in order to show compliance with the requirements of Section 1400(b) plaintiff must establish that defendant has *both* committed acts of infringement in Massachusetts and has a regular and established place of business in Massachusetts, *General Radio Co. v. Superior Electric Co.,* 293 F.2d 949, 951 (1st Cir. 1961). It should be noted that there is ample authority placing the burden of so doing on the plaintiff once a defendant has challenged venue by filing a motion to dismiss based on the lack thereof. *Amba Marketing Systems, Inc. v. Jobar Intern, Inc.,* 551 F.2d 784 (9th Cir. 1977); *Stanley Works v. Globemaster, Inc.,* 400 F.Supp. 1325 (D.Mass.1975); *Action Communication Systems, Inc. v. Datapoint Corp.,* 426 F.Supp. 973 (N.D.Tex.1977).

We hold that the district court properly dismissed the action as to CPI because the record clearly establishes that defendant does not have a regular and established place of business in Massachusetts. The affidavits of Luczek, Zerban, and Dietz taken together with the contract executed July 1, 1976 between CPI and Cardio-Pace establish that Cardio-Pace is the exclusive sales agent for CPI in New England and more particularly in Massachusetts. Those affidavits likewise establish that neither CPI nor its only relevant employee who lives in Massachusetts, Luczek, have ever sold a pacemaker within the Commonwealth of Massachusetts. The documentation also establishes that Cardio-Pace, Inc. is not an agent of CPI but is an independent sales representative, that CPI maintains no place of business in Massachusetts, that it maintains no inventory of pacemakers or parts therefor in Massachusetts, that it owns no real property in Massachusetts, that CPI has no bank accounts in Massachusetts, that collections for sales made by Cardio-Pace are undertaken by sales representatives of Cardio-Pace, that the contract of sale in all cases runs between Cardio-Pace, Inc. and

the ultimate buyer, that CPI has no control over customer contacts of Cardio-Pace in Massachusetts, that there are no common officers or directors between the two corporations and that CPI does not own any stock of Cardio-Pace, Inc. As a consequence of all the foregoing, we conclude that the district court correctly found that CPI does not have a regular and established place of business in Massachusetts and does no business in Massachusetts. In sum we hold that the record establishes a much weaker case for plaintiff Cordis than was presented by the unsuccessful plaintiff before this court in *General Radio Co. v. Superior Electric Co., supra.*

■ We also are of the opinion that plaintiff has failed to establish that an act of infringement by CPI of plaintiff's patent has occurred in Massachusetts. 35 U.S.C. 271(a) provides:

Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.

In order to establish violation of this Section, plaintiff must prove that CPI either manufactured, used or sold the accused device in Massachusetts. The record is totally devoid of any evidence adequate to prove either that defendant, whose place of business is St. Paul, Minnesota, manufactured, used or sold its products within the Commonwealth. The fact that the record establishes that Luczek was present at one implantation of a pacemaker at the request of the hospital in which the implant was made does not amount to a showing that CPI either used or sold the accused device in this state.

Accordingly, we conclude that because of plaintiff's failure to sustain its burden of proof under 28 U.S.C. 1400(b), the district court correctly dismissed this action as to CPI.

*Affirmed.*