**LIQUI-BOX CORPORATION, an Ohio corporation, Plaintiff,**

**v.**

**REID VALVE COMPANY, INC., a California corporation, Defendant.**

Civ. A. No. 87-1549.

United States District Court, W.D. Pennsylvania.

Oct. 1, 1987.

William H. Webb and Barbara E. Johnson, Pittsburgh, Pa., Francis A. Even and Joseph E. Shipley, Chicago, Ill., for plaintiff.

J. Donald McCarthy, Los Angeles, Cal., Walter Blenko, Jr., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

BLOCH, District Judge.

Defendant has moved to dismiss the instant patent infringement action on the basis that venue is improper in this district. Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b), which provides as follows:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

For purposes of subsection (b) of § 1400, the residence of a corporation is its place of incorporation. *Fourco Glass Company v. Transmirra Products Corporation*, 353

U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). It is undisputed that defendant Reid Valve Company is a California corporation and, hence, does not reside in this district. Consequently, the focus in determining venue in this action must be upon the second clause of § 1400(b). Defendant does not deny that it has a regular and established place of business in this district, i.e., a manufacturing facility at Leetsdale, Pennsylvania.

█ The plaintiff in a patent infringement action has the burden of establishing proper venue. *Cordis Corporation v. Cardiac Pace Makers, Inc.*, 599 F.2d 1085 (1st Cir.1979); *Grantham v. Challenge–Cook Brothers, Inc.*, 420 F.2d 1182 (5th Cir. 1969). Where, as here, the defendant does not deny that it has a regular and established place of business within this district, the issue is reduced to whether the plaintiff can establish that the defendant has committed acts of infringement within the district. In determining whether venue may be premised upon the commission of such acts of infringement, the Court need not reach the merits of plaintiff's claim, however. *Ingersoll–Rand Company v. Rockwell International Corporation*, 420 F.Supp. 277 (S.D.Fla.1976); *Gunter & Cooke, Inc. v. Southern Electric Service Company*, 256 F.Supp. 639 (M.D.N.C.1966), *aff'd.*, 378 F.2d 60 (1967). For the purposes of § 1400(b), acts of infringement are present when it is established that activities alleged to be infringing have taken place within the district where the suit is brought. *Gunter & Cooke, Inc., supra.*

Plaintiff alleges that defendant has infringed Patent No. 270,136, issued to plaintiff on August 16, 1983, for the ornamental design of a plastic container for liquids. The complaint states that plaintiff manufactures 5–gallon, refillable, plastic water cooler bottles in accordance with the patented design. Attached to the complaint are two photographs, labeled Exhibit 2 and Exhibit 3. Each photograph purports to show plaintiff's patented bottle and a bottle manufactured by defendant, the design of which, plaintiff contends, infringes its patent.

█ The manufacture or sale of an allegedly infringing article within a district constitutes an act of infringement within the meaning of the venue statute. *Cordis Corporation, supra; T.P. Laboratories, Inc. v. Ormco Corporation*, 389 F.2d 622 (7th Cir.1968). Plaintiff states that "on information and belief," defendant has manufactured the allegedly infringing bottle shown in Exhibits 2 and 3 at a facility located in Leetsdale, Pennsylvania, and that sales of this bottle have been conducted in this district by defendant's manager, Kenneth Chin. Based upon these factual allegations, plaintiff contends that venue is proper within this district.

█ Defendant has submitted an affidavit of Kenneth K. Chin, who states that he is the General Sales Manager and Operations Manager for defendant. Mr. Chin's affidavit establishes that the water bottle pictured in Exhibits 2 and 3 is what the defendant itself refers to as the "Reid No. 9 bottle." The affidavit further states that the only mold for the Reid No. 9 bottle is located in Texas, that all sales of the bottle have been generated from defendant's Texas office, and that no sales or sales solicitations for the bottle have taken place in Pennsylvania. In addition, the affidavit states that all Reid No. 9 bottles which have been sold or offered for sale have been manufactured exclusively in the Texas manufacturing plant.

Plaintiff has failed to submit affidavits or other documentation in opposition to the averments of Mr. Chin's affidavit. This Court does not have the discretion to disregard facts established by uncontested affidavits and must accept the statements contained in the Chin affidavit as true. Consequently, the Court concludes that the plaintiff has failed to meet its burden of establishing proper venue, in that plaintiff is unable to establish that the defendant has committed acts of infringement in this district in connection with either the manufacture or the sale of the Reid No. 9 bottles. *Cordis Corporation, supra.*

█ Plaintiff, however, contends that there exists an independent basis for venue

in this district, premised upon defendant's manufacture of another bottle which plaintiff alleges likewise infringes Patent No. 270,136. In support of its claim that this second bottle, the "Design V bottle" infringes plaintiff's patent, plaintiff has submitted an affidavit of Michelle Willson, the International Marketing Coordinator for plaintiff. Ms. Willson's affidavit states that carriers who ship bottles for both plaintiff and defendant have informed Ms. Willson that the Design V bottles are shipped from and priced "FOB Pittsburgh."

Plaintiff first raised the issue of the alleged infringement of its patent by the Design V bottle in a brief in response to defendant's motion to dismiss. No reference to the Design V bottle is made in plaintiff's complaint, or in other pleadings of the plaintiff which are of record in this action.

Although Fed.R.Civ.P. 15(a) provides the plaintiff the opportunity to amend its pleading "once as a matter of course at any time before a responsive pleading is served,"[1] plaintiff has not amended its complaint to state a claim for patent infringement based upon defendant's actions concerning the Design V bottle. Indeed, plaintiff expressly states that it does not intend to do so because "filing an amended complaint ... would not tell defendant anything it does not already know and ... would be premature because plaintiff does not yet know how many other infringing bottles the defendant may manufacture." (Plaintiff's response at 4.)

The averments of Ms. Willson's affidavit are uncontradicted on the present record in this matter and presumably would suffice to establish that the defendant sells or has sold its Design V bottles within this district. Even given this fact, however, plaintiff has not properly established venue for the purposes of this action. The complaint fails to allege that the defendant has infringed plaintiff's patent by the manufacture of the Design V bottles; as established by Mr. Chin's affidavit, the factual allegations of plaintiff's complaint address only the Reid No. 9 bottle. Venue cannot be premised upon facts, e.g., those dealing with the Design V bottle, which are not material to the subject action, which concerns infringement through manufacture of the Reid No. 9 bottle.

Plaintiff argues first that the complaint in the case at hand can be read to encompass the contention that the Design V bottle infringes plaintiff's patent. The Court finds no merit in this contention. The complaint directly and specifically refers to Exhibits 2 and 3 attached to the complaint. As noted above, these exhibits have been established to be photographs of the Reid No. 9 bottle, manufactured by the defendant. The complaint cannot be read to include reference to any other article which allegedly infringes plaintiff's patent.

Plaintiff next contends that its complaint should be read to include any acts of infringement by defendant by virtue of its manufacture of any plastic bottles. In support of this contention, plaintiff relies on *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), which holds that the rules applicable to pleadings in the federal courts do not require that the plaintiff set forth the factual basis of its claim with great particularity. Rather, the rules require only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." 355 U.S. at 47, 78 S.Ct. at 102. Plaintiff argues that regardless of the absence of reference to a specific article manufactured by defendant, the complaint would put defendant on sufficient notice of plaintiff's claim of patent infringement and, thus, nothing further is required in the way of pleading.

In *Universe Tankships, Inc. v. United States,* 528 F.2d 73 (3d Cir.1975), the Third Circuit described the standards applicable to pleading as follows:

> Federal procedure relies on notice pleading rather than fact pleading, but at a minimum, ... the pleader is required "to disclose adequate information as the ba-

---

**1.** A motion to dismiss does not constitute a responsive pleading. *McDonald v. Hall,* 579 F.2d 120 (1st Cir.1978); Moore's Federal Practice & Procedure ¶ 15.07[2].

sis of his claim for relief". 2A J. Moore, Federal Practice ¶ 8.01[3] (2d ed. 1974). *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), teaches that "the defendant [be given] fair notice of what the plaintiff's claim is and *the grounds upon which it rests,*" (emphasis supplied), and we have recently reiterated that the defendant is entitled to "fair notice of the claim asserted." *Joiner Systems, Inc. v. AVM Corporation,* 517 F.2d 45, 47 (3d Cir.1975).

528 F.2d at 75–76.

Plaintiff, in effect, is arguing that so long as it places the defendant on notice that it considers defendant to have infringed its patent, it may at any time assert that defendant's manufacture of any of several unspecified plastic bottles provide the factual basis for this legal claim. This Court is unwilling to construe "notice pleading" in such a liberal fashion. The Supreme Court in *Conley, supra,* recognized that notice pleading is permissible under the federal rules in large part because of the liberal discovery and pretrial procedures encompassed within the rules. 355 U.S. at 47–48, 78 S.Ct. at 102–03. Discovery serves the purpose of further defining the factual issues involved in the litigation prior to trial. In the instant case, however, plaintiff's position would preclude defendant from engaging in meaningful discovery; without notice of which bottles manufactured by defendant plaintiff contends infringe its patent, defendant cannot realistically engage in discovery and prepare an adequate defense. *See Jurinko v. Edwin L. Wiegand Company,* 477 F.2d 1038, 1045 (3d Cir.), *vacated on other grounds,* 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214 (1973).

In light of the foregoing, the Court concludes that plaintiff has failed to sustain its burden of proof of demonstrating that venue is proper in the instant action. The factual allegations set forth in plaintiff's complaint relate only to the Reid No. 9 bottle; venue is improper in this district with regard to any claim of patent infringement premised solely upon defendant's manufacture of the Reid No. 9 bottle. Given plaintiff's assertion that it does not in-

tend to file an amended complaint encompassing factual contentions concerning the Design V bottle, the Court concludes that granting plaintiff an opportunity to amend would be fruitless. Accordingly, defendant's motion to dismiss will be granted.

An appropriate Order will be issued.