**LIQUI–BOX CORPORATION, an Ohio Corporation, Plaintiff,**

v.

**REID VALVE COMPANY, INC., a California corporation, Defendant.**

**Civ. A. No. 87–2098.**

United States District Court, W.D. Pennsylvania.

Aug. 16, 1989.

William H. Webb, Walter Blenko, Pittsburgh, Pa., J. Donald McCarthy, Los Angeles, Cal., for defendant.

Francis Even, Chicago, Ill., for plaintiff.

## MEMORANDUM

D. BROOKS SMITH, District Judge.

We are presently faced with a motion to dismiss on the basis of res judicata in this patent infringement case. For the reasons hereinafter stated, we deny the motion.

Plaintiff, Liqui–Box Corporation (Liqui–Box), is the holder of U.S. patent number design 270,136. This patent is for the ornamental design of a plastic container for liquids. Complaint, para. 4. This patent, issued in August 1983, is in force for fourteen years.

Liqui–Box manufactures, sells and distributes five gallon, refillable, plastic water-cooler bottles based on patent number 270,136. Complaint, para. 5. Liqui–Box brought this action because its competitor, Reid Valve Company (Reid), has allegedly infringed patent number 270,136 by manufacturing and selling five gallon, refillable, plastic water-cooler bottles based on Liqui–Box's patent. In particular, Liqui–Box asserts Reid's "Design V" and "No. 9" bottles are based on patent number 270,136. Complaint, para. 6. Moreover, Liqui–Box contends that Reid manufactures some of the infringing bottles at its manufacturing plant in Leetsdale, Pennsylvania. Complaint, para. 7.

In response to Liqui–Box's complaint, Reid filed a Motion to Dismiss. In its Motion to Dismiss, Reid contends that: Liqui–Box is estopped by the doctrine of res judicata from asserting that venue is proper in this district; res judicata precludes Liqui–Box's case as to Reid's Design V

bottle; and in the alternative, transfer of the case to the United States District Court for the Central District of California, where venue is properly laid, is in order. We address the issue of res judicata as it pertains to venue first.

Reid's motion is grounded on the dismissal of an earlier action by Liqui–Box against Reid for improper venue. *Liqui–Box Corporation v. Reid Valve Company, Inc.*, 672 F.Supp. 198 (W.D.Pa.1987) (hereinafter C.A. 87–1549). In C.A. 87–1549 Liqui–Box alleged infringement of its patent number 276,130 by Reid's manufacturing and selling refillable, five-gallon, plastic water-cooler bottles. In particular, Liqui–Box alleged that Reid was manufacturing these bottles at its Leetsdale, Pennsylvania, plant. Liqui–Box appended a photograph to identify the bottle allegedly manufactured in Leetsdale.

Reid filed a motion to dismiss C.A. 87–1549 for improper venue. Venue in a patent infringement case is governed by 28 U.S.C. § 1400(b). This section provides:

> (b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Since Reid was a California resident and the Leetsdale plant was a regular and established place of business, the only issue was whether Reid had committed any acts of infringement in this district.

In that regard, Reid supported its motion to dismiss with the affidavit of the manager of the Leetsdale plant. The manager attested that the bottle in the photograph in the complaint was Reid's No. 9 bottle. The manager further attested that the No. 9 bottle was not manufactured or sold in Pennsylvania. In the absence of any acts of infringement in Pennsylvania, Reid submitted venue could not be established.

Liqui–Box countered with an affidavit from a Liqui–Box employee, Michelle Wilson. Wilson swore that five-gallon water bottles consistent with Reid's Design V were shipped from Pittsburgh. On this basis, Liqui–Box contended that Reid had committed acts of infringement in this district and that venue was proper. Despite the fact that Liqui–Box's complaint referenced only the No. 9 bottle, Liqui–Box failed to file an amended complaint which would have encompassed the Design V bottle. Liqui–Box refused to amend the complaint because discovery had been conducted regarding the Design V bottle and an amendment "would not tell defendant anything it does not already know. . . .", C.A. 87–1549, at 200.

The Court determined, however, that Liqui–Box's assertion that venue was proper based on Reid's manufacture of the Design V bottle in this district was "not material to the subject action which concerns infringement through manufacture of the Reid No. 9 bottle." C.A. 87–1549, at 200. The Court then concluded that "the plaintiff has failed to meet its burden of establishing proper venue, in that plaintiff is unable to establish that the defendant has committed acts of infringement in this district in connection with either the manufacture or the sale of the Reid No. 9 bottles." *Id.* at 199. The action was dismissed.

In the instant action, Reid asserts that the prior adjudication in C.A. 87–1549 precludes Liqui–Box from relitigating the venue issue for a second time in this Court. Reid submits the judgment in the prior case is conclusive on the issue of venue in this, a subsequent action between the same parties on the same claim. Defendant's Brf. p. 8.

As support for its position, Reid relies on *Magnus Electronics, Inc. v. Argentine Republic*, 637 F.Supp. 487 (N.D.Ill.1986), aff'd in part, rev'd in part 830 F.2d 1396 (7th Cir.1987). *Magnus* also presented an action in which the same claim had been asserted in an earlier lawsuit. The earlier suit had been dismissed for lack of subject matter jurisdiction. Consequently, the district court dismissed the second suit on the basis of res judicata principles. The Court stated that res judicata principles teach "that because Magnus had the ability to (but did not) assert that theory to refute Argentina's challenge to this Court's jurisdiction, this Court's decision the first time

around precludes relitigation of that issue now." 637 F.Supp. at 490.

On appeal, the Seventh Circuit affirmed the district court's decision regarding res judicata. 830 F.2d at 1396. The court noted that res judicata was applicable to the issue of subject matter jurisdiction. It then stated that "[a] judgment dismissing a suit for lack of jurisdiction does not preclude a party from litigating the same cause of action in a *court of competent jurisdiction,* ... however, it does 'preclude relitigation of the issue of whether the *first tribunal* had jurisdiction'...." 830 F.2d at 1400 (citations omitted).

The Seventh Circuit also addressed the fact that the plaintiff had additional factual allegations in the complaint in the second suit. The Court found that since the facts were available at the time of the first suit the additional allegations did not "preclude the operation of res judicata...." *Id.* at 1401. The Court reasoned that

> [u]nder a system such as that established by the Federal Rules of Civil Procedure, which permits liberal amendment to pleadings, it does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of....

*Id.* As further support for its holding that the additional factual allegations should not preclude the application of res judicata to the second suit, the Court noted that the plaintiff had not bothered to even seek amendment to his pleadings in the first suit until weeks after the judgment had been entered.

■ Liqui–Box vigorously contests the applicability of *Magnus* to the instant action. First, Liqui–Box submits that the dismissal in C.A. 87–1549 was based on the fact that the complaint in that action was limited to Reid's No. 9 bottle. Thus, Liqui–Box argues, the dismissal cannot create an estoppel as to venue in this case which also concerns the Design V bottle. Liqui–Box Brf. p. 10 *citing Moss v. Atlantic Coast Line R. Co.*, 157 F.2d 1005, 1006–07 (2d Cir.1946).

Second, Liqui–Box contends Reid's reliance on *Magnus* is misplaced. Liqui–Box argues that the district court addressed the effect of the new factual allegations in *Magnus* and found the new facts were not outcome determinative as to the legal issue. *Magnus*, 637 F.Supp. at 491. In contrast, Liqui–Box submits, the new facts in this case are outcome determinative and res judicata should not be applied. Liqui–Box further distinguishes the circuit's opinion which states "[i]t is undisputed that Magnus' complaint here alleges the same cause of action as was alleged ..." in the earlier suit. *Magnus*, 830 F.2d at 1400.

We recognize that Reid has proffered a persuasive argument, especially in light of Liqui–Box's obstinate refusal to take advantage of the liberal amendment provisions of the Federal Rules of Civil Procedure.[1] *See* Fed.R.Civ.P. 15. Nevertheless, res judicata can be applied only when the cause of action asserted presently is the *same* cause of action asserted in a prior proceeding. *See Nevada v. United States,* 463 U.S. 110, 130, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983). In the instant case, the cause of action alleges patent infringement by Reid's manufacturing, selling and distributing bottles No. 9 *and* the Design V. This action is not the same as that asserted in C.A. No. 87–1549. C.A. No. 87–1549 alleged patent infringement by Reid's manufacturing, selling and distributing *only* its bottle No. 9. Hence, res judicata does not bar our determination of whether venue is correct in this district.

■ We find that venue is correct in this district. Reid has allegedly committed acts of infringement in this district where it has a regular and established place of business by distributing the Design V bottle. *See* 28 U.S.C. § 1400(b).

In light of our disposition of Reid's Motion to Dismiss on the basis of res judicata and venue, we find Reid's contention that

---

**1.** We note that Liqui–Box's actions caused not only the unnecessary filing of another case and the expenditure of the attendant fees, but also a prolonged delay in the resolution of a matter originally filed in August 1987.

res judicata precludes Liqui–Box's case as to the Design V bottle equally meritless. Finally, we decline Reid's invitation to transfer the case to California. Although such an invitation is attractive, convenience cannot be the sole basis for the transfer of an action when venue is proper. *Kimball v. Schwartz*, 580 F.Supp. 582, 588 (W.D. 1984).

An appropriate order will be entered.