Charles Stanford STEEN SEIJO
and Eric Sergio Steen Seijo,
Plaintiffs

v.

Ben R. MILLER, Jr. and John
G. Davies, Defendants.

Civil No. 04–2420 (JAG).

United States District Court,
D. Puerto Rico.

March 31, 2006.

Edward M. Borges, Borges Law Center, Jane A. Becker–Whitaker, Jane Becker Whitaker, PSC, San Juan, PR, for Plaintiffs.

Rafael J. Martinez Garcia, Veronica Ferraiuoli–Hornedo, Nigaglioni & Ferraiuoli Law Offices PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On December 27, 2004, Ben R. Miller and John G. Davies (collectively "defendants") removed to this Court a request for rendering of accounts and damages action filed by Charles Sanford Steen Seijo and Eric Sergio Steen Seijo (collectively "plaintiffs") in the Court of First Instance for the Commonwealth of Puerto Rico (Docket No. 1). On March 8, 2005, Defendants moved to dismiss the complaint for lack of personal jurisdiction and/or for improper venue (Docket No. 7). On April 1, 2005, Plaintiffs filed an opposition (Docket No. 10). For the reasons discussed below, the Court **DENIES** the motion to dismiss.

## FACTUAL BACKGROUND[1]

The mother of the plaintiffs, Livia Seijo Rios ("Mrs.Seijo"), married Wilbur Marvin ("Mr.Marvin") in 1980. On October 31, 1995, while Mrs. Seijo and Mr. Marvin were married, Mr. Marvin executed a trust instrument entitled TRUST INSTRU-MENT—THE LIVIA STEEN MARVIN IRREVOCABLE 1996 TRUST ("1996 Trust") in Baton Rouge, Louisiana. The defendants, both residents of Louisiana, were named trustees of the 1996 Trust. Designated as the "corpus" of the 1996 Trust, the following was deposited as property in the Trust: "1000 Preferred Units issued by CPDC Limited Partnership, a limited partnership organized under the laws of the State of Delaware pursuant to that certain Limited Partnership Agreement dated effective December 29, 1995." The income beneficiary of the corpus was Mrs. Seijo, a resident of Puerto Rico, and the original principal beneficiary was the

Wilbur Marvin Foundation, a nonprofit organization created under the laws of the State of Louisiana, of which the defendants are the administrators. The effective date of the 1996 Trust was October 31, 1996 and its term was the life of the income beneficiary, Mrs. Seijo. Upon her death, the corpus of the 1996 Trust was to revert to the Wilbur Marvin Foundation. The income accrued but not distributed to the income beneficiary during her lifetime was to be distributed in her estate at the time of her death.

Mrs. Seijo died on February 24, 2000. The sole beneficiaries of the income of the 1996 Trust are Mrs. Seijo and the plaintiffs, as her heirs. Plaintiffs claim that during the life of Mr. Marvin, who died on November 20, 2000, the defendants did not make any payments from the income of the property deposited in the 1996 Trust. Further, they claim that during the time between the death of Mr. Marvin and the death of Mrs. Seijo, the defendants made payments to their mother but that they have no verification of the amounts of these payments nor of whether the payments constituted all the income of the 1996 Trust. The plaintiffs therefore request that the defendants render accounts of the income of the 1996 Trust and the distribution of said income.

## STANDARD OF REVIEW

A. *Standard for Motion to Dismiss under Rule 12(b)(2)*

▇▇ Under Rule 12(b)(2), a defendant may move to dismiss an action against him for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). When such a motion to dismiss is presented, the plaintiff bears the burden of showing that jurisdiction exists. *Ealing Corp. v. Harrods Ltd.,* 790 F.2d 978, 979 (1st Cir.1986); *Dalmau*

---

1. The Court takes the relevant facts from the Plaintiffs' complaint (Docket No. 1).

*Rodriguez v. Hughes Aircraft Co.,* 781 F.2d 9, 10 (1st Cir.1986).

 There are different methods of adjudicating a motion to dismiss for lack of personal jurisdiction. Each method has a different standard concerning what kind of showing the plaintiff must make to survive the defendant's motion to dismiss. The most commonly used method employs a *prima facie* standard. *Boit v. Gar–Tec Products, Inc.,* 967 F.2d 671 (1st Cir.1992). Under the *prima facie* standard, the district court determines "whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Id.* at 675. The *prima facie* showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. *Kowalski v. Doherty, Wallace, Pillsbury & Murphy,* 787 F.2d 7, 9 (1st Cir.1986). Unsupported allegations in the pleadings do not contribute to the *prima facie* showing of personal jurisdiction. *Chlebda v. H.E. Fortna & Bro. Inc.,* 609 F.2d 1022, 1024 (1st Cir.1979). Moreover, the *prima facie* showing of personal jurisdiction must be based on evidence that goes beyond the pleadings. *Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 145 (1st Cir.1995). "The plaintiff ordinarily cannot rest upon the pleadings but is obliged to adduce evidence of specific facts." *Id.* "In determining whether a *prima facie* showing has been made, the district court is not acting as a factfinder. It accepts properly supported proffers of evidence by a plaintiff as true." *Boit,* 967 F.2d at 675.

B. *Standard for Motion to Dismiss under Rule 12(b)(3)*

██ Under Rule 12(b)(3), a defendant may move to dismiss an action against him for improper venue. *See* FED. R. CIV. P. 12(b)(3). A motion to dismiss based on improper venue under Rule 12(b)(3) puts the burden on the plaintiff to demonstrate that the action was brought in a permissible forum. *Cordis Corp. v. Cardiac Pacemakers,* 599 F.2d 1085, 1086 (1st Cir.1979). The procedural analysis applied in determining a challenge of venue under Rule 12(b)(3) follows the procedure for analysis employed in a motion under Rule 12(b)(2), discussed above. *M.K.C. Equip. Co. v. M.A.I.L. Code, Inc.,* 843 F.Supp. 679, 682–83 (D.Kan.1994).

## DISCUSSION

A. *In Personam Jurisdiction*

 There are two varieties of *in personam* jurisdiction: general and specific. *Pritzker v. Yari,* 42 F.3d 53, 60 (1st Cir.1994). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1088 (1st Cir.1992). Specific *in personam* jurisdiction, on the other hand, exists "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *Id.* at 1088–89. In the instant case, the plaintiffs only attempt to establish the existence of specific *in personam* jurisdiction (Docket No. 10), so the Court will circumscribe to discussing that type of personal jurisdiction.

 In diversity cases, *in personam* jurisdiction over a non-resident defendant is determined according to the long-arm statute of the forum in which the federal district court sits. *Pizarro v. Hoteles Concorde Int'l,* 907 F.2d 1256, 1258 (1st Cir.1990). The exercise of specific *in personam* jurisdiction pursuant to the state long-arm statute must fall within constitutional bounds. *See Pritzker,* 42 F.3d at 60; *Ticketmaster–New York, Inc.*

*v. Alioto,* 26 F.3d 201, 207 n. 9 (1st Cir. 1994). Accordingly, there are two requirements for the proper exercise of specific *in personam* jurisdiction: (1) that the forum state have a long-arm statute that grants jurisdiction over defendant and (2) that the exercise of jurisdiction under that state statute does not exceed constitutional limits. *Pritzker,* 42 F.3d at 60.

Puerto Rico's long-arm statute is contained in Rule 4.7 of the Puerto Rico Rules of Civil Procedure. Rule 4.7 provides in part:

(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through an agent; or

(2) participated in tortious acts within Puerto Rico personally or through his agent

P.R. Laws Ann. Tit. 32, app. III, Rule 4.7(a)(1) and (2) (2003).

■ The above-cited long-arm statute has been interpreted to extend personal jurisdiction to "the full extent of constitutional authority." *Pritzker,* 42 F.3d at 60; *See also Dalmau Rodriguez,* 781 F.2d at 12 (citing *A.H. Thomas Co. v. Superior Court,* 98 P.R.R. 864, 870 n. 5, 1970 WL 23801 (1970)). The exercise of *in personam* jurisdiction by courts in Puerto Rico is therefore "limited only by the due process analysis of *International Shoe* and succeeding cases." *Commonwealth of Puerto Rico v. SS Zoe Colocotroni,* 628 F.2d 652, 668 (1st Cir.1980). Accordingly, this Court need only determine whether the exercise of jurisdiction over the defendants in the instant case falls within constitutional bounds.

■ Due process requires that minimum contacts exist between the non-resident defendant and the forum, in this case Puerto Rico, where the claim was filed.

*See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 289, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95, (1945). The minimum contacts must be such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154. In other words, Due Process "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Volkswagen,* 444 U.S. at 297, 100 S.Ct. 559.

■ The First Circuit has developed a three pronged analysis to sharpen the inquiry into minimum contacts. According to this test, a court may exercise specific personal jurisdiction if the following requirements are met: "First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's court foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." *Pritzker,* 42 F.3d at 60–61.

■ The relatedness test is a flexible standard that guarantees the evaluation of the element of causation in due process investigation. *See Ticketmaster,* 26 F.3d at 206–207. In this case, the litigation arises out of the defendants' actions in administering the 1996 Trust, which was established for the benefit of a resident of Puerto Rico. Moreover, the specific allegations in this action are that the defendants,

as trustees of the 1996 Trust, did not disburse to the beneficiary the proper amounts. The cause of action is therefore related to the defendants' actions in the forum.

■■■■ The purposeful availment test is fulfilled when a defendant purposefully avails himself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws and making their presence before the forum court foreseeable. *See Pleasant St. I*, 960 F.2d at 1089. This test ensures that a defendant will not be pulled into a jurisdiction as a result of random, fortuitous or attenuated contacts, or of the "unilateral activity of another person or a third person." *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In determining whether the purposeful availment test is satisfied, the courts must look beyond formalistic measures like physical presence in the forum or number of instances of contact with the forum and "evaluate the nature of the contacts and, relatedly, the degree to which they represent a purposeful availment of the forum's protections and benefits." *Pritzker*, 42 F.3d at 62. The two cornerstones of purposeful availment are foreseeability and voluntariness. *Ticketmaster*, 26 F.3d at 207.

■■■■ When an out-of-state defendant enters into a contract which has a substantial connection with the forum, that defendant has purposefully availed himself of the forum and the forum court may properly exercise jurisdiction over the defendant. *See McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).[2] The plaintiffs in this case claim that the beneficiary of the 1996 Trust, Mrs. Seijo, was a resident and domiciliary of Puerto Rico at the time the trust was established. The plaintiffs further claim that the grantor of the trust, Mr. Marvin, was a domiciliary of Puerto Rico at the time of his death. Moreover, the defendants concede and provide proof that confirms that several trust disbursements were indeed sent to Mrs. Seijo in Puerto Rico (Docket No. 7, Exhibit B). These circumstances are sufficient to establish purposeful availment on the part of the defendants in this case. As trustees, they voluntarily took on the responsibility of administering a trust established for the benefit of a resident of Puerto Rico. Entering into this agreement, which had a substantial connection to Puerto Rico, made it foreseeable that the defendants may be brought before a federal court in Puerto Rico. We therefore find that the defendants purposefully availed themselves of this forum.

■■■■ The final step of the three-pronged constitutional analysis of personal jurisdiction is the consideration of "gestalt factors." These factors are to be used by courts "to put into sharper perspective the reasonableness and fundamental fairness of exercising jurisdiction in particular situations." *Pritzker*, 42 F.3d at 64. They

---

**2.** In *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the beneficiary of an insurance policy sued his out-of-state insurer. The Court held that jurisdiction was properly exercised over the out-of-state insurer even though the insurer had no office or agent in the forum state and had never performed any other business in that state, because the insurer wrote the policy at the request of a resident of the forum state. The Court stated that "[i]t is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State." *See Id.* at 223, 78 S.Ct. 199.

include: (1) "the burden on the defendant," (2) "the forum State's interest in adjudicating the dispute," (3) "the plaintiff's interest in obtaining convenient and effective relief," (4) "the interstate judicial system's interest in obtaining the most effective resolution of controversies," and (5) the "shared interest of the several States in furthering fundamental substantive social policies." *Burger King,* 471 U.S. at 477–478, 105 S.Ct. 2174, citing *Volkswagen,* 444 U.S. at 292, 100 S.Ct. 559. If a compelling case is made by the defendant, these gestalt factors are considerations that may render jurisdiction unreasonable, even when a defendant has purposefully directed his activities at the forum resident: "Most such considerations usually may be accommodated through means short of finding jurisdiction unconstitutional. Nevertheless, minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Id.*

Keeping in mind that these gestalt factors "are not ends in themselves, but they are, collectively, a means of assisting courts in achieving substantial justice," this Court finds that in the instant case, they point to the exercise of jurisdiction. *Ticketmaster,* 26 F.3d at 209. First, the defendants are not burdened by appearing before this Court because they travel to Puerto Rico to conduct business activities. The possibility that most of the evidence will have to be brought from Louisiana to Puerto Rico does not overly burden defendants. Second, Puerto Rico has an interest in having a Puerto Rico-based court adjudicate this dispute because "... [a] State has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *McGee,* 355 U.S. at 223, 78 S.Ct. 199. Third, the plaintiffs' choice of forum must be accorded a degree of deference regarding their own convenience, *Ticketmaster,* 26 F.3d at 211, and without a doubt, it is more convenient for the plaintiffs to litigate in Puerto Rico than in Louisiana. Fourth, the judicial system's interest in obtaining the most effective resolution of the controversy does not cut in either direction. *Id.* Fifth, there is shared interest that Puerto Rico provide its residents a means of redress against out-of-state tortfeasors. Taken collectively, the gestalt factors discussed above indicate that the exercise of personal jurisdiction over the defendants in this case does not offend due process.

B. *Venue*

 Venue is governed by 28 U.S.C. § 1391, which provides in its relevant part: (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

This court has found that the exercise of *in personam* jurisdiction by a court in Puerto Rico over the defendants in this case is proper. Since the defendants are subject to specific *in personam* jurisdiction in Puerto Rico, subsection (3) of the federal venue statute is satisfied here. Venue is therefore proper.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the motion to dismiss for

lack of personal jurisdiction and for improper venue.

IT IS SO ORDERED.